## WILLIAM DEERING & CO. v. SECHLER.

A stated account of transactions had under a contract, whereby a certain sum was found to be due "after allowing and deducting all credits, set-offs, or claims due the consignee by reason of any and all matters grow-

ing out of the business, or otherwise," includes a claim for damages for breach of the contract, where a consideration of the subject was had at the time of the settlement.

(Opinion filed August 31, 1898.)

Appeal from circuit court, Faulk county. Hon. LORING E. GAFFY, Judge.

Action by William Deering & Co. against J. L. Sechler, upon a promissory note. From a a judgment in favor of plaintiff, defendant appeals. Affirmed.

The facts are stated in the opinion.

*Frank Turner*, for appellant.

*H. C. Preston*, for respondent.

CORSON, P. J. This was an action upon a promissory note. A verdict was directed for the plaintiff, upon which judgment was entered, and the defendant appeals. No defense was made to the note, but the defendant pleaded a counterclaim, which is stated in the answer as follows: "The defendant alleges that on the 4th day of November, 1887, he entered into a contract with plaintiff, whereby for a valuable consideration, the plaintiff gave defendant, for the season of 1888, exclusive sale of its harvesters, binders, reapers, mowers, trucks, and other attachments, and extras for all of said machines, for the territory embraced in the said county of Faulk upon a commission which plaintiff agreed to pay defendant on all sales made by him; that plaintiff, not regarding its said contract, and in violation of the same, appointed one Andrew Penning and one Stephen Thorn agents at Seneca, in said county of Faulk, during and for the season of 1888, and for the said county of Faulk; that said Penning and Thorn, as said

agents, and in violation of defendant's rights under his said contract, sold sundry and divers binders, harvesters, reapers, mowers, trucks, and other attachments and extras, in and for said county of Faulk; that by reason of said violation by plaintiff of its said contract with defendant, defendant has been damaged in the sum of $250, no part of which has been paid." To this counterclaim the plaintiff filed a reply denying the allegations therein contained. The note bears date of March 11, 1889. On the trial the defendant on cross-examination admitted that in October 1888, a statement of accounts was made between the plaintiff and the defendant, and that he signed the following statement: "Oct. the 9th, 1888. An adjustment of accounts was this day made as per the foregoing statements, and there was found due Wm. Deering & Co. for the proceeds of these commission goods (not yet paid over) the amount shown by the above 'general statement,' after allowing and deducting all credits, set offs, or claims due the consignee by reason of any and all matters or things growing out of the business, or otherwise, due to this date." The defendant was then asked the following questions: "Q. You have stated that you made a settlement. Was the matter of the breach of the contract brought up at that time? A. Yes, sir. Q. State whether you made any protest regarding the agency in Seneca. A. I did." It will thus be seen that the defendant, with full knowledge of this alleged breach of the contract on the part of the plaintiff, made a full settlement or adjustment "after allowing and deducting all credits, set-offs, or claims due the consignee by reason of any and all matters or things growing out of the business or otherwise, due to this date." It will also be noticed that subsequently, in March, 1889, the de-

fendant executed, without objection, so far as the record discloses, the note sued upon in this action. There was no evidence on the part of the defendant given or offered that he signed the adjustment or "general statement" through mistake, inadvertence or coercion. The respondent contends that this adjustment or general statement so signed by the defendant is a bar to any claim for damages growing out of the threshing machine contract between him and the plaintiff. We agree with counsel for respondent that "this statement in writing estops the appellant from subsequently contending, as alleged in his counterclaim, that he is entitled to damages for any violation of this contract. The question of damages, if any, was considered and determined in this settlement; consequently, this receipt in writing becomes a complete settlement." As before stated, the redirect examination discloses that, at the time this settlement was made, the subject of the breach of this contract was brought up, it was talked about, and defendant says that he protested at that time regarding the agency put in at Seneca; but, irrespective of all this, settlement was made. The judgment of the circuit court is affirmed.