## HERMAN HELD v. HERMAN F. KELLER AND OTHERS.[1]

December 22, 1916.

Nos. 20,001—(130).

**Trust created by will — expense of administration construed.**

1. A will created a trust in certain funds with directions that the income therefrom, less the expense of administration, be paid to the wife of the testator, semiannually during her life. It is *held*, conceding for the purposes of the case that the rights of the wife became vested as of the date of the death of the testator, and before the trust property had been turned over to the trustees, that the payment of the income to the beneficiary was subject to deductions of the necessary expense of administering the property while in the hands of the executors of the will.

**Will — terms of trust construed.**

2. The will is construed to have intended to vest in the beneficiary the absolute title and right to the income, received by the trustees, less expenses; and it is *held* that income in the form of interest upon money investments which had accrued but was not due and collectable at the time of the death of the beneficiary, as well as interest which was then due but not collected was the property of the beneficiary, and passed to the executor of her last will and testament.

**Compromise and settlement — meeting of minds essential.**

3. In order to constitute a valid accord and satisfaction, or a compromise and settlement of disputed matters, the minds of the parties must meet, and they are concluded thereby only as to matters actually included· therein.

**Same — receipt in full construed.**

4. A receipt in full of "all claims and demands of every kind and nature," given as evidence of such settlement, does not operate as a discharge of a claim which affirmatively appears not to have been included within the settlement as evidence of which the receipt was given.

[1]Reported in 160 N. W. 487.

Herman Held and James Dougher, as trustees under the last will and testament of Jacob Pfenninger, deceased, presented their final account to the district court for Brown county, and petitioned for the examination and allowance of the same. Herman F. Keller, Auguste Keller, Elizabeth Bevier, Caroline Wilde, Fred J. Peller and Auguste Kiesling, heirs at law and legatees under the last will and testament, filed objections to the allowance of the account and specifically objected to an item of $14,-668.07 claimed by Herman Held as executor of the estate of Christiane Pfenninger, deceased. The matter was heard before Olsen, J., who made findings and approved the account, disallowing the claim of Herman Held, as executor of the estate of Christiane Pfenninger, deceased. From that portion of the judgment, entered pursuant to the order for judgment, disallowing his claim as executor of the estate of Christiane (sic.) Pfenniger, deceased, Herman Held appealed. Modified and affirmed.

*Somsen & Dempsey,* for appellant.

*John C. Larson and John F. Gibbons,* for respondent.

BROWN, C. J.

Jacob Pfenninger, late of Brown county, died on April 19th, 1909, leaving surviving his widow, but no children, and leaving also what purported to be his last will and testament. The will was duly allowed and admitted to probate, and the administration of the estate was had in conformity with its directions. By the terms of the will testator created a trust of a considerable portion of his property for the benefit of his widow, and provided for the administration thereof by trustees under the direction and control of the district court of Brown county. The provisions of the will in this respect were fully carried out. Trustees were appointed, and, upon the completion of the administration of the estate under the will, the trust property and funds were turned over and delivered to the trustees and they invested the same in harmony with the intention and purpose of the will. The will provided, among other things, that,

"The entire proceeds and income derived from said investments and trust property, less the reasonable and fair expense of managing the same, including a fair compensation to said trustees, shall be paid over and delivered to my said wife, Christiana (sic.) Pfenninger, semiannual-

ly during the term of her natural life, as and for her absolute property and for her sole use and benefit, except that my said wife may, if she shall so elect and desire, return any portion of said income to said trustees, and thereupon said portion so returned * * * shall be and become a part of the principal of said trust estate."

The will further provided that, on the death of the wife, all and singular the trust property should pass to the persons and in the proportions therein named, the legatees being nieces and nephews of testator and his wife.

On November 22, 1910, subsequent to the death of Pfenninger, his widow duly made and executed her last will and testament, in and by which appellant herein was made the principal beneficiary. This will was duly allowed and admitted to probate, appellant being named as executor thereof. Mrs. Pfenninger had no separate estate, aside from the provisions made for her by her husband's will, and the apparent purpose of her will was to dispose of what remained at her death of the income falling to her from the trust created for her benefit. In connection with the settlement of the final account of the trustees, appellant, as such executor, claiming that all income from the trust property which accrued prior to the death of Mrs. Pfenninger belonged to her and passed under her will to the beneficiaries therein named, made application to the court having charge of the trust for an order directing the trustees to pay to him all thereof which had not been paid over to her. The court after full hearing in the matter denied the application. Judgment was ordered and entered to that effect and this appeal was taken therefrom.

The items of income so claimed by appellant consisted: (1) In the accumulations of interest upon the trust fund while it remained in the hands of the executors of the will, and before the fund was turned over to the trustees, a period of about nine months; and (2) (a) interest upon investments which had been received by the trustees prior to the death of Mrs. Pfenninger, but not paid over to her; (b) interest due at the time of her death but collected by the trustees thereafter; and (c) interest which had accrued upon investments but was not due or payable until after the death of Mrs. Pfenninger, but was subsequently collected and

received by the trustees. The various items making up the first claim aggregate $8,268.57, and the items comprising the second claim make a total of $3,988.70.

The trial court disallowed both claims and the only question presented on the appeal is the correctness of that conclusion.

1. The basis of the decision of the trial court in rejecting the first claim, namely, the income which accrued during the time the estate was in hands of the executors, and before the trust fund was turned over to the trustees, was twofold and to the effect: (1) That it was not the intention of the will that the right of Mrs. Pfenninger to the income should arise until the fund had come into the possession of the trustees, and (2) that the payment thereof was made subject to the cost and expense of administration. If either ground be sound the trial court was right and must be sustained. It seems clear, without stopping to consider the first ground, that the second ground stated is well founded. It was the manifest purpose of the testator to provide liberally for his wife, but at the same time he appreciated the fact that the maintenance of the trust fund would involve certain expenses, and he made express provision in the will that the income be paid her "less the reasonable and fair expense of managing the same, including a fair compensation to said trustees." The facts stated by the trial court in its memorandum, expressly made part of its findings, show that the cost and expense of the administration of the estate while in the hands of the executors exceeded the total income received by them. And conceding that the rights of Mrs. Pfenninger accrued at the time of the death of the testator, and that she was entitled to the income from that date and during administration of the estate, as now claimed (Sargent v. Sargent, 103 Mass. 297; Williamson v. Williamson, 6 Paige, 298), it necessarily follows that her rights were subject to the payment of the expenses of administration. The will expressly so provides. We therefore sustain the trial court in holding that since the expense of administration exceeded the income, nothing fell due to the beneficiary. The authorities cited in support of the contention that the cost and expense of administration should not be deducted from the income in such cases are not in point. The will provides for their deduction in this case. It may be remarked in this connection that Mrs. Pfenninger claimed no part of the income during the administration pro-

ceedings, and that her support was provided for by order of the probate court from the *corpus* of the estate. The claim to that part of the income was first made by appellant after Mrs. Pfenninger's death.

2. In disallowing the second claim the learned trial court seems to have based its conclusion upon the theory that Mrs. Pfenninger was entitled under the will only to such income as might accrue and be paid to her in her lifetime. We are unable to concur in that construction of the will. It seems clear to us that the intention of the will was to vest in Mrs. Pfenninger the absolute title and right to all income from the trust fund, less expense of administration, and that such title and right attached from day to day as the income accumulated. The will declares that the entire income from the investments of the trust property, less expense, shall be paid over and delivered to the beneficiary semiannually during her natural life, "as and for her absolute property, and for her sole use and benefit." This was not a mere provision for support and maintenance, for the testator had in mind that in all probability an amount in excess of support would be received by the beneficiary, and he incorporated a provision that the beneficiary might if she saw fit return any such excess to the trustees, to become a part of the trust fund. But by the execution of the will the wife elected not to turn any part of the income back to the trustees. So that the intention was that the wife should receive for her own use the entire income from the trust property, and the language of the will should be construed as an express and unconditional present grant of the same. Elberg v. Elberg, 132 Minn. 15, 155 N. W. 751. The fact that the trustees were required to pay the income over semiannually, does not change the effect of the grant or render it any the less absolute. This construction harmonizes with the general rule in such cases, which is correctly stated in Welch v. Apthorp, 203 Mass. 249, 89 N. E. 432, 27 L.R.A. (N.S.) 449, to the effect that the death between the regular periods of payment of one to whom the income of an estate is given for life, does not defeat the right of his administrator to all the income which accrued since the last payment; and all thereof accruing prior to the death belongs to the estate of the beneficiary. The rule is applied generally by the authorities, and is regarded as an exception to the common-law rule that there can be no apportionment of the fund in such case, particularly as applied to annuities. Stone v. North, 41 Me. 265;

Sweigert v. Frey, 8 Serg. & R. 299; Clapp v. Astor, 2 Edw. Ch. 379; Mower v. Sanford, 67 Conn. 504, 57 Atl. 119, 63 L.R.A. 626, 100 Am. St. 1008 and note; Welch v. Apthorp, 203 Mass. 249, 89 N. E. 432, 27 L.R.A. 449. We therefore hold that it was the intention of the will to vest in the wife the absolute right to the income from the trust estate as it accrued from day to day, ending of course on the day of her death.

3. At the time of the death of Mrs. Pfenninger the trustees had on hand $2,450 of accumulated income which had not been paid over to her. A controversy arose between some of the residuary legatees named in the Pfenninger will, and the executor of the will of Mrs. Pfenninger as to the ownership of this particular fund. The controversy was finally adjusted by the payment of the money to the executor, and he executed and signed a receipt to the trustees, "in full of all claim and demands of every kind and nature." The trial court held that this receipt included, presumptively, all claims on the part of the executor to any of the funds here in question, and since there was no evidence to impeach the receipt it was conclusive against him. In this we are unable to concur. The controversy between the parties, in settlement of which the receipt was given, did not involve the money now in dispute. It concerned only the sum of $2,450, which had accumulated as income and was in the hands of the trustees at the time Mrs. Pfenninger died. In connection with the demand for that money the executor presented, as stated by the trial court in its memorandum, no other claim. Clearly on this state of the facts the receipt cannot well be held as conclusive of the settlement of claims which confessedly were not presented or made a part of that transaction. In order to constitute a valid accord and satisfaction, or a compromise and settlement of disputed matters, the minds of the parties must meet, and parties are concluded only as to matters actually included therein. A receipt in full of all claims and demands, given as evidence of such settlement, does not conclude the parties as to a claim which affirmatively appears not to have been included in the settlement negotiations. 1 Dunnell, Minn. Dig. § 44; Mathency v. City of El Dorado, 82 Kan. 720, 109 Pac. 166, 28 L.R.A. (N.S.) 980; Harrison v. Henderson, 67 Kan. 194, 72 Pac. 875, 62 L.R.A. 760, 100 Am. St. 386; 1 R. C. L. 183. Since the receipt involved only the money thereby acknowledged to have been paid, and no other claims were involved in the settlement of that matter, the

rule invoked by respondent and applied by the trial court does not apply. There was no such deliberate agreement upon disputed matters, as to constitute a valid discharge of other claims.

It follows that appellant, as executor of the will of Mrs. Pfenninger, is entitled to the funds included within the second claim referred to, and the cause must be remanded with directions to award them to him, subject to a proportionate deduction on account of the expenses of the trust, which will be taken from the total amount of the claim. The trial court will modify and amend its conclusions of law accordingly, and award the appropriate judgment upon the present record, unless it shall be found necessary to take further evidence upon the question of the expenses of the trust.

As so modified the judgment will be affirmed.