SILVANDER, Respondent, v. PLOC, Appellant.

(176 N. W. 516.)

(File No. 4627.   Opinion filed February 19, 1920.)

1. Accord and Satisfaction—Disputed Account, Defendant's Letter Re, Whether "All Claims" Limited Thereby.

There having been disputed accounts between plaintiff and defendant, defendant sent plaintiff a letter stating that defendant was ready to settle and pay what he owed and also enclosed a draft for a specified amount in full settlement "of all claims" against him, and that a statement of how defendant arrived at the figures was given below in the letter, that he (defendant) had other claims against plaintiff not mentioned therein, but was willing to settle in full for the amount of the check "to settle everything," followed by an itemized statement

of debits and credits. Plaintiff contended that the proposed settlement, accepted by him through acceptance of the check, realted only to items mentioned in the letter, since the statement therein as to how defendant arrived at the figures thereby limited "all claims" to the credits mentioned therein. **Held,** such contention is untenable; that there was accord and satisfaction.

2. **Same—Disputed Account, Items Embraced in Judgment, Whether Identical With Settled Account, Whether Minds Met—Evidence Considered.**

Where judgment was rendered against defendant upon transactions of account between the parties, defense being accord and satisfaction, plaintiff's contention that there was no evidence in the record that the items upon which judgment went were matters of dispute between the parties prior to the writing of a certain letter from defendant enclosing a check whose acceptance defendant claimed constituted acord and satisfaction, and that there was no meeting of the parties' minds, is untenable; the record disclosing a complaint, an answer alleging accord and satisfaction of the items sued for, and a reply denying aceptance of the check constituted such accord, and statement of facts disclosing that plaintiff testified to all allegations of complaint, that defendant testified to all those of the answer, that there was dispute between the parties, that they attempted settlement of all differences but that none was made; it not appearing that plaintiff offered evidence in support of his reply; and held, that all items for which plaintiff sued grew out of the relation of landlord and tenant from which the items in defendant's letter also arose; that the sending of the letter and plaintiff's cashing of the check, constituted prima facie accord and satisfaction of all matters in dispute; that if evidence was given in support of the reply, it was plaintiff-respondents duty to see that appeal record contained it.

Appeal from Circuit Court, Deuel County. Hon. WILLIAM SKINNER, Judge.

Action by John Silvander against Alex Ploc, to recover upon a disputed account. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*W. W. Knight,* for Appellant.

*T. J. Law,* for Respondent.

(1) To point one, Appellant cited: 1, C. J., pp. 539, 551, 552, note 8; Shahan v. Bayer Vehicle Co. (Iowa), 162 N. W. 221.

Respondent cited: Eggland v. South, 22 S. D. 467; Hagen v. Townsend & White, 27 S. D. 457.

(2)   To point two, Respondent cited:   In re Pfenninger's Estate (Minn.), 160 N. W. Rep. 487-488.

GATES, J.   There had been disputed accounts between plaintiff, landlord, and defendant, tenant.   Just what those accounts were does not appear.   On December 5, 1918, plaintiff served notice on defendant, forbidding him to remove hay from the premises until a settlement should be made between them. On the same day defendant sent to plaintiff the following letter, with check for $62.70, which plaintiff received, and plaintiff cashed the check:

"Mr. Alex Ploc has requested me to write you relative to your account against him. Mr. Ploc is ready to settle with you and pay you every cent he owes you, and is inclosing herewith draft for $62.70, which is sent to you as and for full settlement of all claims you have against him; a statement of how he arrives at the figures is given below, and if you accept this draft it is to be in full settlement of all your claims against him. He has other claims against you which are not mentioned here, but, as above stated, is willing to settle in full for $62.70 to settle everything.   The statement is as follows:

| | | |
|---|---:|---:|
| Pasture rent | $75 00 | |
| Rent of garden | 5 00 | |
| Hauling and cleaning seed | | $ 8 00 |
| 31 meals furnished to men building fence | | 9 30 |
| Check (cashier's) inclosed | | 62 70 |
| | $80 00 | $80 00 |

"Mr. Ploc claims that he does not owe and should not pay for this garden, but is willing to do so if this settlement is effected.   If you wish to be present at the dividing of the hay, you may come up some time this week, as otherwise it will be divided by Mr. Ploc and some disinterested person.   Mr. Ploc is entitled to his half of the hay, and will remove and use it as he wishes."

Soon thereafter plaintiff sued defendant in justice court, claiming to recover $99.90 after crediting the above payment of $62.70 and the above item of $8 for hauling and cleaning seed.

Plaintiff had judgment for $54.30, besides costs. Defendant appealed to the circuit court on questions of law, where the judgment was affirmed. Defendant has now appealed from the judgment of the circuit court.

[1]    The sole question is whether the acceptance of the above sum of $62.70 by plaintiff constituted an accord and satisfaction of all disputed claims between the parties. Appellant argues that the allowance by him of the disputed item of $5, rent of garden, constituted a consideration, and therefore that the retention by respondent of the sum sent by appellant constituted an accord and satisfaction of all claims between them. Respondent does not dispute the question of consideration, but urges that the settlement proposed by appellant and accepted by him related only to the items mentioned in the letter, because, although appellant said it was in settlement of all claims, the letter stated "a statement of how he arrives at the figures is given below," thereby limiting "all claims" to the claims mentioned. We are not impressed with the soundness of this reasoning. It does violence to the plain meaning of the letter.

[2]    Respondent further contends that, as there is no evidence in the record that the items for which he secured judgment were matters about which there had been a dispute between the parties prior to the writing of the letter, or were taken into consideration by appellant when he wrote the letter, or by respondent when he accepted the check, there was no meeting of the minds in regard thereto—citing Lamb v. Lamb, 161 Mich. 80, 125 N. W. 722; Held v. Keller, 135 Minn. 192, 160 N. W. 487; Wm. Deering Co. v. Sechler, 11 S. D. 167, 76 N. W. 311.

We do not dispute the legal proposition upon which those cases are cited; but we think the facts of this case do not warrant the application of the legal proposition. The appeal from justice court was on questions of law upon a statement of the case. The record discloses a complaint, an answer alleging accord and satisfaction of the items sued for, and a reply denying that the acceptance of the check constituted an accord and satisfaction. The statement of facts discloses that plaintiff testified to all the allegations of the complaint; that defendant testified to all the allegations of the answer; that there was a

dispute between the parties; that plaintiff and defendant attempted a settlement of all the differences between them, but that no settlement was made. It does not disclose that plaintiff offered evidence in support of his reply. All of the items for which plaintiff brought suit grew out of the very relation of landlord and tenant between the parties from which the items mentioned in the letter also arose.

[2] It seems to us that the writing of the letter, the sending of the check, the receipt of the letter, and the cashing of the check constituted prima facie an accord and satisfaction of all matters in dispute between the parties. If evidence was given in support of plaintiff's reply, sustaining his theory that the items for which recovery was had were not in controversy at the time the letter was written or were not in contemplation of the parties, it was respondent's duty to see that the record on appeal contained such evidence. Upon the record as disclosed to us, both the justice of the peace and the trial court should have rendered judgment for appellant.

The judgment appealed from is reversed.