WARD P. FOLSOM, APPELLANT, V. T. B. STRAIN ET AL., APPELLEES.

293 N. W. 357

FILED JULY 19, 1940. No. 30872.

498

*Tunison & Joyner* and *Tinley, Mitchell, Ross, Everest & Geiser,* for appellant.

*Beghtol, Foe & Rankin, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

The question presented is whether income from a part of the residuary estate of Emily J. Moore, deceased, accumulating during the period of administration, was, under

her will, to go to plaintiff, as life beneficiary of a trust created from such property, or whether it became part of the corpus of the trust.

In a proceeding for construction of the will, brought by the life beneficiary of such residue against the trustees, after administration of the estate had been completed and the executors had been discharged, the district court held that such income was intended to become part of the corpus of the trust, and that plaintiff was entitled only to income accumulating after the trust property had passed into the hands of the trustees. Plaintiff has appealed. The matter is presented to us as a case stated, under our rule 9c, and the question is made to turn solely on the language and provisions of the will.

The controversy arises out of the following portion of paragraph XIX of the will: "All the rest, residue and remainder of my estate, real, personal or mixed and wheresoever situated, I give, devise and bequeath unto my trustees above named and their successors in trust, to invest and reinvest the same in any investments authorized by law in the case of trust funds, with power to vary such investments at the discretion of said trustees, to pay from said net income therefrom in convenient instalments, the sum of Twenty Thousand Dollars ($20,000.00) annually, to my nephew, Ward P. Folsom (plaintiff herein), for and during his lifetime." It is stipulated that the trustees received from the executors sufficient accumulated income from the property involved to be able to pay plaintiff the sum of $20,000 annually from the date of the testatrix's death. Administration of the estate was not completed, nor the assets of the trust delivered to the trustees, until 16 months after the testatrix's death.

The general rule is now firmly settled that the life beneficiary of a testamentary trust for the payment of income is entitled to the income accumulating on the trust assets from the date of the testator's death, unless it is otherwise provided in the will. 2 Perry, Trusts and Trustees (7th ed.) 939, sec. 551. This is true even though the trust assets are

part of the residuary estate, not capable of being determined or turned over to the trustee until administration of the estate is completed. Restatement, Trusts, sec. 234, and Comment *f* on Clause (a). In such a situation, while the right of enjoyment is postponed until the income has come into the trustee's hands, the life beneficiary nevertheless has a vested right in it, as it accumulates, from the date of the testator's death. 70 A. L. R. 638, annotation. He is not entitled, however, to the income on assets which are subsequently used to pay debts, legacies, and expenses of administration, and which do not become part of the residuary estate. *Proctor v. American Security & Trust Co.*, 98 Fed. (2d) 599 (C. C. A., D. C.) ; Restatement, Trusts, sec. 234 (g).

The expression "unless it is otherwise provided in the will," in such a situation, means some language or provision in the will that (1) expressly fixes a different date than that of the testator's death when the right to the income shall accrue; or (2) makes other specific disposition of the income accumulating up to the time the property comes into the trustee's hands; or (3) nullifies by definite expression or by clear implication the presumed intention to have the right to income accrue as of the date of the testator's death.

The presumption that a testator intends that a beneficiary of income, for a definite period or for life, from all or a part of the assets of his estate, shall receive such income as completely, and for as full a period, from the date of his death, as possible, is not a fictional imputation of intent, but a sound recognition of natural motive. And so, as between a beneficiary of income and a remainderman, to construe the will in a manner that will deprive the beneficiary of part of the income, and enrich the remainderman by assimilating it into the corpus of the trust, will normally be contrary to the general spirit of such a bequest. That result, therefore, will be held not to have been intended, unless such a construction is the only one soundly and reasonably possible. Before it will control over the normal and

salutary intent recognized in the principles which have been stated, it must be one of obvious demonstration and of compelling logic.

Defendants argue, as a reason demonstrating that the testatrix did not intend plaintiff to receive any income accumulating during the period of administration, that since she made provision for payment of debts, and of specific devises and bequests in a particular order, before turning her attention to the creation of the trust and its machinery, she, by implication, must have meant that the trust and its benefits were not to be given consideration or to become operative until all these other matters were accomplished, or, in other words, until administration was completed. This argument, however, is artificial, for the order of the provisions in the will was only a natural and logical sequence in instrument recitation. The trust was to be created out of the residuary estate, and reference would normally not be made to it until all other property had been disposed of.

It is further argued that, because the trustees were to set up three separate trusts out of the residue, when it was delivered to them by the executors, and were "to keep the funds of the several trust estates * * * separate and distinct and to keep separate accounts for each trust estate," the corpus of the trust involved must be held not to have been actually created until the property had been separated by the trustees, and the testatrix therefore could not have intended that any income should accrue in plaintiff's favor until such separation had occurred. Paragraph XVI of the will directed the executors to deliver to the trustees, upon the completion of administration, the residue of the estate. Under paragraph XVII, the trustees were to set aside the sum of $5,000 out of the residue, to be held perpetually in trust for the payment of the income thereon to Wyuka Cemetery, of Lincoln. Under paragraph XVIII, as amended by a codicil, the trustees were to set aside also the sum of $200,000 out of the residue, to be held in trust for Lincoln General Hospital, until the erection of a memorial hospital unit. Paragraph XIX, which has previously been set out,

then provides that the remainder of the estate is given to the trustees, "to invest and reinvest the same in any investments authorized by law in the case of trust funds, with power to vary such investments at the discretion of said trustees, to pay from said net income therefrom in convenient instalments, the sum of Twenty Thousand Dollars ($20,000) annually, to my nephew, Ward P. Folsom, for and during his lifetime."

If the expression "to pay from said net income therefrom" cannot reasonably and soundly be said to have reference to any income accumulated from the property prior to its separation, though actually derived from assets allocated by the trustees to the particular trust, then plaintiff is not entitled to any accumulation of income prior to the separation. But this seems to us a too narrow and wholly unnecessary construction. In the first place, the will makes no other specific disposition of the accumulated income, nor does it expressly attempt to assimilate it into the corpus of the trust. Secondly, income from assets ultimately allocated to the trust, accumulated during the period of administration and actually received by the trustees, is as much income from such assets, or "income therefrom," as income accumulating after the formal setting up of the trust. Finally, the expression "to pay from said net income therefrom" can fairly and logically be regarded as a mere recitation of duties and powers on the part of the trustees, just as are the provisions with respect to investment and reinvestment that precede it, rather than as a designed limitation upon the rights of the beneficiary. The intention for which defendants contend is therefore neither logically demanded nor obviously demonstrated.

We shall not attempt to list or to discuss the authorities which have been cited by the parties. A sufficient number of cases to illustrate the scope of the principles discussed will be found in the annotations in 70 A. L. R. 637, and 105 A. L. R. 1194, to which reference can easily be made. The decision upon which defendants chiefly rely is *Hawaiian Trust Co. v. Von Holt*, 216 U. S. 367, 30 S. Ct. 303, 54 L. Ed.

519, where the residue of an estate was given to trustees, with directions to reduce it to possession; to invest and re-invest; "to segregate, and keep separate and apart (during the life of my wife), the accounts of and pertaining to the realty of my estate from the accounts pertaining to any and all other thereof;" and "out of the net income, rents, issues and profits of and from the realty last aforesaid said Trustees shall pay the equal One Third part or portion thereof, * * * to my said wife, for and during the remainder of her natural life." The court there said: "What he gave was not one-third of the income (of the realty) generally * * * but one-third of the income of the realty 'last afore-said,' that is, the realty distributed to the trustees. It was one-third of the income of the realty in the hands of the trustees, the income collected by them from it, and of which they were to keep a separate account."

This case, though decided in 1910, appears never to have been cited or relied upon as a precedent in any subsequent decision. There, as in the present case, the income from the portion of the real estate set aside by the trustees, which accumulated during the period of administration and was actually received by the trustees, would seem as much to be "income * * * of and from the realty last aforesaid," as the income that accrued after the trust was set up. Again, as in the present case, the provision for payment could as logically have been held to be a mere instruction or direction for payment on the part of the trustees as an attempted limitation upon the beneficiary's rights.

The decree of the district court will be reversed, and the cause remanded, with directions to require the trustees to pay plaintiff the benefits to which he is entitled under the will, out of the income accumulated from the date of the testatrix's death on the portion of the assets allocated to such trust, and with interest thereon from December 14, 1938, in an amount equal to the earnings subsequently received by the trustees or which they prudently should have received on such income.

REVERSED.