[Civ. No. 29321.   Second Dist., Div. Three.   June 24, 1966.]

Estate of BERTHA VAN RIPER OVERBURY, Deceased. CITIZENS COMMERCIAL TRUST AND SAVINGS BANK OF PASADENA, as Trustee, etc., Petitioner and Respondent, v. ARTHUR HARVEY VARNEY, a Minor, etc., et al., Objectors and Appellants; LEWIS CLINTON KENNON, Objector and Respondent.

Harry M. Bowman for Objectors and Appellants.

No appearance for Petitioner and Respondent.

Paul Angelillo for Objector and Respondent.

194

FORD, J.—The question on this appeal is whether, as contended by the trustee and held by the court below, income received by the executor during the course of the administration of the estate and distributed to the testamentary trustee constituted income to be disbursed to the life beneficiaries by the trustee in accordance with the terms of the trust.

■ The will contains the following provision: "FIFTH: All of the rest, residue and remainder of my estate of every kind or nature and including all failed and lapsed gifts, wheresoever situate, I give, devise and bequeath to [the designated trustee] . . . in trust for the following uses and purposes: (a) After paying or reserving sufficient money to pay any expenses of management of the trust estate and administering this trust, all or any part of which may, in the sole and absolute discretion of the trustee, be chargeable to the principal of the trust estate, all income from the trust estate which accrues after the date that the trust estate, or a substantial portion thereof, shall have been distributed to the trustee, and is available for distribution, shall be distributed in monthly or other convenient installments to or for the benefit of the following named persons in the percentages hereinafter set forth: . . ."

■ The question presented must be resolved in the light of section 162.5 which was added to the Probate Code in 1959, prior to the death of the testatrix. That section is in pertinent part as follows: "Unless otherwise provided by the will of the testator, (a) all net income received during the period of administration from real and personal property not specifically or demonstrably devised or bequeathed, including net income from property sold during said period, shall be distributed pro rata as income to any trust or trusts of all or any part of the residuary estate. . . ."

The purpose of the legislation was to remove doubt as to the proper disposition of probate income. (34 State Bar J. 470 (1959).) As stated in 34 State Bar Journal at page 729: "Probate income is distributed pro rata to residuary legatees whether or not they take in trust (Prob. Code, § 162). Thus, where there is a residuary trust, its allocable share of probate income is given to the income beneficiary rather than to corpus (see *Estate of Schiffman*[n], 86 Cal.App.2d 638 [195 P.2d 484] (2d Dist., 1948)). This disposition, popularly called the Massachusetts rule, is codified by new § 162.5."[1]

[1]In *Estate of Platt* (1942) 21 Cal.2d 343, the Supreme Court stated at pages 347-348 [131 P.2d 825]: "As title to all testamentary dispositions vests at the testator's death (Prob. Code, §§ 28, 300), the title of

It is thus clear that the core of the problem is whether, because of the quoted provision of the will, the probate income cannot be considered to be income insofar as the testamentary trust is concerned because it is "otherwise provided by the will of the testator." In *Estate of Schiffmann,* 86 Cal.App.2d 638, at pages 643-644 [195 P.2d 484], this court stated: "In applying the general rule, the court in *Folsom* v. *Strain,* 138 Neb. 497 [293 N.W. 357], gave an excellent interpretation to the expression, 'unless it is otherwise provided in the will,' holding that it means 'some language or provision in the will that (1) expressly fixes a different date than that of the testator's death when the right to the income shall accrue; or (2) makes other specific disposition of the income accumulating up to the time the property comes into the trustee's hands; or (3) nullifies by definite expression or by clear implication the presumed intention to have the right to income accrue as of the date of the testator's death.' "

The appellants contend that it is "otherwise provided" in the will by virtue of the language that "all income from the trust estate which accrues after the date that the trust estate, or a substantial portion thereof, shall have been distributed to the trustee, and is available for distribution shall be distributed" to the life beneficiaries. At first blush that contention appears to have merit, but upon closer analysis the position is found to be untenable. The will makes no specific disposition of the probate income, either by expressly assimilating it into the corpus of the trust or otherwise. Moreover, the reasonable

---

the trustee to Mr. Platt's property vested as of that date, even though the trust estate was residuary in character. [Citations.] As a necessary corollary, the title of the life tenant also dates from the death of the testator. The income earned by the trust property during the period of administration inures, of course, to the benefit of the trust, and is payable by the executor to the trustee upon distribution. If it should be held that the right of the life tenant to the income does not commence until the date of the decree of distribution, say the courts following the majority rule, the income earned by the trust estate between the date of death and the date of the decree of distribution would be taken from the life tenant, who is frequently declared to rank first in the consideration of the testator, and given to the remainderman through an enhanced trust corpus. . . . If, therefore, the income payable to Mrs. Platt is a 'bequest of . . . income of a certain sum or fund' and the testator did not express a contrary intention, her right to income from the trust estate accrued at the date of her husband's death."

In *Estate of de Laveaga* (1958) 50 Cal.2d 480, at page 485 [326 P.2d 129], the Supreme Court succinctly stated the governing principle as follows: "It is settled law that in the case of a testamentary trust, unless the will provides otherwise, the life tenant's right to income dates from the death of the testator rather than the date of distribution. (*Estate of Platt* (1942) 21 Cal.2d 343, 346-348[1] [131 P.2d 825].)"

interpretation of the language upon which the appellants place reliance is that it is a mere recitation of the duty placed upon the trustee as to income received in the normal course of the administration of the assets of the trust in the trustee's hands, since such language as to distribution of income is immediately preceded by the direction that such action is to be taken "After paying or reserving sufficient money to pay any expenses of management of the trust estate and administering this trust, all or any part of which may, in the sole and absolute discretion of the trustee, be chargeable to the principal of the trust estate." Consequently, the will contains no provision as to the disposition of the probate income available for distribution and, as provided in section 162.5 of the Probate Code, the distribution thereof to the trustee constituted income of the trust insofar as the respective rights of the life beneficiaries and the remaindermen are concerned.

The order is affirmed.

Shinn, P. J., and Kaus, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 17, 1966.