Jonisue Cogdell Bowden STIFF et al., Appellants,

v.

The FORT WORTH NATIONAL BANK, Trustee, et al., Appellees.

No. 4546.

Court of Civil Appeals of Texas, Eastland.

Oct. 27, 1972.

Rehearing Denied Nov. 24, 1972.

Pope, Hardwicke, Hobbs, Christie & Montgomery, George F. Christie, Ft. Worth, Gibson, Ochsner, Adkins, Harlan & Hankins, S. Tom Morris, Amarillo, Gene L. Dulaney, Snyder, Stone, Tilley, Parker, Snakard, Law & Brown, Robert M. Randolph, Ft. Worth, Stubbeman, McRae, Sealy, Laughlin & Browder, W. B. Browder, Jr., Midland, for appellants.

Rosser & Carroll, Joe R. Carroll, Snyder, Shafer, Gilliland, Davis, Bunton & McCollum, W. O. Shafer, Odessa, Jones & Stiff, Lawson K. Stiff, Albuquerque, N. M., Newton J. Steele, Midland, for appellees.

COLLINGS, Justice.

The plaintiff, The Fort Worth National Bank, Trustee, filed its original petition in this cause naming as defendants Jonisue Cogdell Stiff, William Munsey Cogdell and David Martin Cogdell, Jr., Independent Executors of the estate of D. M. Cogdell, and Marion P. Cogdell and Charlotte Cogdell Etgen the primary beneficiaries of the trust, seeking an accounting and a construction of the will of D. M. Cogdell, deceased. The issues involving will construction were severed. Motions for summary judgment on the issues of will construction were filed by plaintiffs and defendants, and the court entered its order for summary judgment construing the will. The court found and the parties agree that the will is clear and unambiguous.

In substance, the only issue before this court is whether appellants are correct in

their contention that all of the residuary bequests and devises should bear proportionately the debts, taxes and expenses of administration of the D. M. Cogdell Estate, and that this burden should not fall solely upon some of the residuary bequests and devises.

The Fort Worth National Bank, Trustee, Marion P. (Bill) Cogdell and Charlotte Etgen filed motions requesting judgment that the trustee recover, as a matter of law, on behalf of each trust under the will of D. M. Cogdell, deceased, a one-tenth (⅒) of the residuary estate of D. M. Cogdell, one-tenth (⅒) of the income of the residuary estate of D. M. Cogdell free and clear of all debts, taxes and administrative expenses, interest at the rate of 10% per annum from the date the trust should have received the royalties and mineral interest as alleged in the bank's third amended original petition, and as principal, one-tenth (⅒) of the income attributable to that portion of the residuary estate awarded to Jonisue Cogdell Stiff, William Munsey Cogdell and David Martin Cogdell, Jr., other than that portion of the income used to pay debts, taxes and expenses properly chargeable as such.

William Munsey Cogdell and David Martin Cogdell, Jr., filed a motion requesting summary judgment that the one-tenth (⅒) of the residuary estate of D. M. Cogdell, and the income therefrom, bequeathed to each trust, bear its proportionate part of the debts, taxes and expenses of administration of the estate of D. M. Cogdell; that the four-fifths (⅘) of the residuary estate of D. M. Cogdell, and the income therefrom bequeathed to David Martin Cogdell, Jr., William Munsey Cogdell and Jonisue Cogdell Stiff, bear its proportionate part of the debts, taxes and expenses of administration of such estate, and that the property specifically devised in paragraph 3 of the will, together with the income therefrom, not be charged with debts, taxes and expenses of administration, save and except state inheritance taxes properly chargeable thereto, ad valorem taxes, ordinary repairs and other expenses connected with the management and operation of said properties during administration. Appellant, Jonisue Cogdell Stiff, filed a reply to the motions for summary judgment filed by The Fort Worth National Bank, Trustee, Bill P. Cogdell and Charlotte Cogdell Etgen, requesting that such motions for summary judgment be denied.

Hearing was had on all of such motions and replies. Pursuant to which hearing the court rendered its summary judgment order. We have examined the judgment and find the appellants' summary of the judgment to be correct:

(1) Under the will of D. M. Cogdell, the Marion P. Cogdell Trust and Charlotte Cogdell Etgen Trust each was devised and bequeated a ⅒ interest in the residuary estate of D. M. Cogdell, deceased;

(2) Under the will of D. M. Cogdell, David Martin Cogdell, Jr., William Munsey Cogdell and Jonisue Cogdell Stiff were each devised and bequeathed ⅓ of ⁹⁄₁₀ of the residuary estate of D. M. Cogdell, deceased;

(3) Under the will of D. M. Cogdell, all of the corpus of the estate is subject to proportionate payment of debts, estate and inheritance taxes, and expenses of administration;

(4) In addition to their rights in the residuary estate, each trust was bequeathed the right to receive from the date of the death of D. M. Cogdell ⅒ of the income from all royalty and mineral interests owned by D. M. Cogdell, free and clear of all debts, estate and inheritance taxes, and expenses of administration;

(5) All debts, estate and inheritance taxes and expenses of administration of the Estate of D. M. Cogdell, deceased, are to be paid by:

a. The remaining of ⁹⁄₁₀ of the income received from the date of D. M. Cogdell's death from all royalty and mineral interests, to the extent such in-

come has been actually applied by the Executors toward same;

b. All income from all properties not specifically devised, other than royalty and mineral interests, to the extent such income has been actually applied by the Executors toward same;

c. All property owned by D. M. Cogdell at his death not subject to a specific devise or bequest.

(6) The trusts are not entitled to receive interest for the period during which their enjoyment of the income payable to them was postponed;

(7) The Executors may deduct from the royalty and mineral income due each trust an amount equal to $\frac{1}{10}$ of the United States income taxes paid by the Executors on income received by the estate since the date of death;

(8) The accounting of the majority Executors is to be restated to allocate to each trust $\frac{1}{10}$ of all royalty and mineral income received from the date of D. M. Cogdell's death, free and clear of debts, estate and inheritance taxes and expenses of administration, charging each trust with $\frac{1}{10}$ of the United States income taxes paid by the Executors on the estate income received during administration;

(9) William Munsey Cogdell, David Martin Cogdell, Jr., and Jonisue Cogdell Stiff are respectively entitled to receive income from the date of D. M. Cogdell's death attributable to the properties specifically devised or bequeathed to them in paragraph 3 of his will, free and clear of all debts, estate and inheritance taxes and expenses of administration (except for those expenses incurred in maintenance and operation of the specifically devised properties); and

(10) The accounting of the majority Executors is to be restated to allocate to each such specific devisee under paragraph 3 the income received attributable to properties specifically devised or bequeathed to each of them respectively.

The only evidence before the trial court and before this Court is the will of D. M. Cogdell, deceased. The order from which appeal is taken states that the court finds the will to be clear and unambiguous as construed from its four corners. No affidavits, depositions or other evidence was offered at the summary judgment hearing (other than the affidavit of Bruce Petty, which simply stated the fact of the death of D. M. Cogdell, that his will was admitted to probate and that a true and correct copy is attached as an exhibit to the motion for partial summary judgment of The Fort Worth National Bank, Trustee).

Two propositions appear to be clear concerning interpretation of wills in this respect. First, unless the will directs otherwise, debts, taxes and expenses of administration are to be paid out of the corpus of the residue, with all residuary devises and bequests to bear their proportionate part. Second, unless the will directs otherwise, income received during administration from the residuary estate goes to the residuary devisees and legatees proportionately, and debts, taxes and expenses of administration are not charged against such income. Thus in the absence of a contrary provision in the will, residuary income received during administration would not be charged with debts, taxes and expenses of administration. 70 ALR, pg. 637; Held v. Keller, 135 Minn. 192, 160 N.W. 487 (1916); Folsom v. Strain, 138 Neb. 497, 293 N.W. 357 (1940).

However, there is a contrary provision in D. M. Cogdell's will. Paragraph V of the will is entitled "Appointment of Executors". It first appoints David Martin Cogdell, Jr., William Munsey Cogdell and Jonisue Cogdell Bowden Stiff as co-independent executors without bond and then provides in part as follows:

" . . . I give and grant unto my executors all of the powers with respect to

the management of my estate as are conferred on the trustees under the terms of the trusts established herein.

.    .    .    .    .    .

My executors are hereby given all the powers to deal with the property included in my estate as are given to the trustee herein. In addition, I authorize my executors to use income from my estate during the period of administration to pay debts, taxes, and administration costs if in the sole discretion of the executors such use of income is desirable for the best interests of the estate. All decisions of my executors shall be final and binding upon anyone who has or may have an interest in my estate."

■ The primary question presented by appellants is whether the income from the trusts' share of the residuary estate received by the executors during administration should be charged with proportionate payment of debts, taxes and administration expenses. The cardinal rule of will construction is to determine the intention of the testator and for that purpose the language of the entire will must be looked to and not merely to isolated or particular provisions thereof. Guilliams v. Koonsman, 154 Tex. 401, 279 S.W.2d 579 (1955); Haile v. Holtzclaw, 414 S.W.2d 916 (Sup. Ct.1967).

■ We think that D. M. Cogdell gave his executors the power and authority in their sole discretion to use income from the residuary estate to pay debts, taxes and expenses of administration, and that he made no distinction between the trusts' share of such residuary income and the share of the other residuary devisees. Neither did he make any distinction between oil and gas income and other income.

Appellees contend that the trusts' share of oil and gas income received by the executors during the administration could not be used by the executors within their discre-

tion to pay debts, taxes and expenses of administration, but must go to the trusts free and clear. Appellees' argument in support of this contention is that the two trusts are short-term trusts lasting only ten years if the primary beneficiaries survive and that during the ten-year period the primary beneficiaries are entitled only to income. In paragraph IV of the will the trust provides:

"The Trustee is hereby directed to assign in the proportions set out above (that is, $\frac{1}{10}$ to the Marion P. Cogdell Trust and $\frac{1}{10}$ to Charlotte Cogdell Etgen Trust) undivided interests in any royalty and mineral interests owned by me at my death. The Trustee is hereby empowered to exercise its own discretion with reference to the partition and division of any other properties received at the inception of the trust, between the two trusts, including the right and power to assign undivided interests in the same property between the two trusts, and the decision of the Trustees as to the values of any property so partitioned shall be binding and conclusive on both trusts and all persons interested therein."

Appellees say that it is evident that D. M. Cogdell intended that $\frac{1}{10}$ of his royalty and mineral interest be assigned immediately upon his death to each trust to provide immediate income to each primary beneficiary, and in order to carry out that purpose, it necessarily follows that it was his intention that such oil and gas income not be charged with proportionate debts, taxes and expenses of administration. Appellees argue that otherwise D. M. Cogdell's intention to provide immediate income for the primary beneficiaries would be frustrated and that portion of the will could not be given effect.

We cannot agree with the appellees' contention. We think the meaning and purpose of the above provision is to make certain that each trust receives equal interests in the royalty and mineral properties included in the estate.

The provisions of the will are contrary to and entirely inconsistent with any general rule of construction that income goes directly to the trusts from date of death, free of debts. None of the cases cited by appellees which state the general principles of trust law that the income of the trust is not subject to debts, taxes and expenses and is payable from the date of death, involve a will with a provision allowing the executors to use any income produced during administration to pay debts, taxes and expenses. All of the appellees' cases state that the general principles of trust law apply only if there is no provision in the will reflecting a contrary contention. In the instant case there was a stated contrary intention.

The will of D. M. Cogdell, deceased, is clear and unambiguous, and as a matter of law, subjects the entire residuary estate, proportionately, whether principal or income, to payment of debts, taxes and expenses of administration. Under the express terms of the will, the executors in their sole discretion may use either the principal or income of the residuary estate to pay debts. That provision of the will is binding on the parties to this suit.

We hold that two-tenths (²⁄₁₀) of the residuary estate of D. M. Cogdell is devised and bequeathed to The Fort Worth National Bank as trustee for the Marion P. Cogdell Trust and the Charlotte Cogdell Etgen Trust, and that such share of the residuary estate and the income therefrom, whether from royalty and mineral interests or otherwise, shall bear its proportionate part of the debts, taxes and expenses of administration of the estate of D. M. Cogdell, and that four-fifths (⅘) of the residuary estate of D. M. Cogdell is devised and bequeathed to David Martin Cogdell, Jr., William Munsey Cogdell and Jonisue Cogdell Stiff, share and share alike, and that such share of the residuary estate and the income therefrom shall bear its proportionate part of the debts, taxes and expenses of administration of the estate of D. M. Cogdell. To the extent that the trial court's order provides otherwise, it is modified and reformed and as reformed is affirmed.

WALTER, Justice (dissenting).

I cannot agree with my brethren on their disposition on this case.

They say: "Second, unless the will directs otherwise, income received during administration from the residuary estate goes to the residuary devisees and legatees proportionately, and debts, taxes and expenses of administration are not charged against such income." They have set forth the correct rule that unless there is a provision to the contrary in Mr. Cogdell's will, the Marion P. Cogdell Trust and the Charlotte Cogdell Etgen Trust are entitled to income from the date of his death. They have, in effect, rewritten his will and added a provision charging the income from the trusts with the debts, taxes and expenses of administration. In my opinion no such provision is contained in the will. The majority opinion imputes to the testator an intention to so charge the trusts from two provisions which they have quoted from paragraph five of the will. However, in paragraph four, quoted in the original opinion, he first directs that the trustee assign to each trust an undivided ⅒ interest in royalty or mineral interest owned by him AT HIS DEATH. The testator is presumed to have known the law that income received during administration by such trusts would not be burdened with the debts, taxes and expenses of administration. It is clear that he did not intend for the trusts to be so burdened or he would have expressly placed such a provision in his carefully drawn will.

I would modify and reform the judgment by providing that the two trusts are entitled to interest at the legal rate from the date they should have received such income and as modified and reformed, I would affirm the judgment of the trial court.