212 N.W.2d 356 (1973)
In re ESTATE of Nell Carter KUEHN, Deceased.
Jane S. KUEHN, Executrix of the Estate of Max A. Kuehn, Jr., Deceased, et al., Appellants,
v.
The FIRST NATIONAL BANK in Sioux Falls, as Custodial Executor, Respondent.
No. 11223.
Supreme Court of South Dakota.
November 15, 1973.
*357 George A. Bangs, Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for appellants.
E. G. Jones, Jones & Matthews, Sioux Falls, for respondent.
MUNDT, Circuit Judge.
This appeal involves the interpretation and construction of Article Fifth, of the Last Will and Testament of Nell Carter Kuehn, deceased. The District County Court of Minnehaha County, South Dakota, construed the Article as indicating an express intention of the testatrix that the right to income should accrue from the date of distribution, rather than from the date of death. The appellants contend such interpretation is erroneous.
The testatrix, Nell Carter Kuehn, died May 12, 1971, leaving a Last Will and Testament which was admitted to probate on June 8, 1971, by the District County Court of Minnehaha County. She left surviving her a son, Max A. Kuehn, Jr., who died September 11, 1971, and who left surviving him his wife, Marjorie Jane Kuehn, and his daughter, Martha Kuehn Maierhauser; the wife is the sole beneficiary under the will of her deceased husband.
The First National Bank of Sioux Falls was appointed custodial executor; Max A. Kuehn, Jr. and Marjorie Jane Kuehn were appointed coexecutors. Upon the death of Max A. Kuehn, Jr., his widow, Marjorie Jane Kuehn, was appointed executrix of his estate.
During the course of the administration of the Nell Carter Kuehn estate, the custodial executor received approximately $15,400 income from the assets which were distributed by the final decree to the testamentary trustees, and approximately $3,400 in income from assets which were liquidated during the course of probate in order to pay debts, bequests, taxes and administration expenses.
Nell Carter Kuehn's will, after directing payment of obligations, specific legacies and inheritance and estate taxes, gives the rest, residue and remainder of her estate to the testamentary trustees, under ARTICLE FIFTH, as follows:
"During the life of my son, MAX A. KUEHN, JR.,
1. My Trustees shall pay all the net income derived from my trust estate after receipt of the assets thereof by my Trustees, in quarterly or more frequent installments, to my son, MAX A. KUEHN, JR."
Other provisions authorize encroachment on the principal for the benefit of Max A. Kuehn, Jr., for his maintenance, and provide for encroachment up to twenty percent of the principal for financing a business for Max A. Kuehn, Jr. After the decease of Max A. Kuehn, Jr., the will provides that one-half of the income is to be paid to his widow until her death or remarriage. The balance of the net income then goes to Martha Kuehn Maierhauser for her lifetime and, after her death, to charitable remaindermen if she dies without issue. Encroachment on the principal is also authorized for the benefit of Martha Kuehn Maierhauser for her proper care, support and maintenance.
The question for determination is whether the testatrix intended that the income derived from her estate should vest in *358 the income beneficiaries from the date of her death or from the date of distribution of the assets to the testamentary trustees. Unless Article Fifth of the will indicates an express intention on the part of the testatrix to have the income accrue from the date of distribution such income would accrue from the date of her death. This is so because our statute (SDCL 29-6-24) provides in case of a bequest of income from a fund the income accrues from the date of the testator's death, subject only to an express intention on the part of the testator to indicate otherwise. SDCL 29-6-25.
The fact that the trust assets are a part of the residuary estate, and not capable of being determined or turned over to the trustees until administration of the estate is complete, does not defeat payment of the income to the live beneficiary from the date of the testator's death. Folsom v. Strain, 138 Neb. 497, 293 N.W. 357. In that case, the court said:
"In such a situation, while the right of enjoyment is postponed until the income has come into the trustee's hands, the life beneficiary nevertheless has a vested right in it, as it accumulates, from the date of the testator's death."
The general rule is that when property is devised or bequeathed in trust to pay the income to a person for life, or for a limited time, he is entitled to such income from the date of death of the testator unless the testator has indicated an intention that the income shall not begin until a later date. 158 A.L.R. 442, supplementing annotations in 70 A.L.R. 636 and 105 A.L.R. 1194.
Respondent maintains the will of Nell Carter Kuehn fixes a date other than that of the testatrix's death as marking the beginning of the right to income by the following language:
"all the net income derived from my trust estate after the receipt of the assets thereof by my trustees * * *."
Respondent contends this phraseology means after the distribution of the assets by the final decree.
How may the "express intention" of the testator be determined? In the Folsom case, supra, where the question presented was, whether income from a part of a residuary estate accumulating during the period of administration was, under the will, to go to plaintiff as life beneficiary of a trust, or whether it became part of the corpus, the court said:
"The expression `unless it is otherwise provided in the will,' in such a situation, means some language or provision in the will that (1) expressly fixes a different date than that of the testator's death when the right to the income shall accrue; or (2) makes other specific disposition of the income accumulating up to the time the property comes into the trustee's hands; or (3) nullifies by definite expression or by clear implication the presumed intention to have the right to income accrue as of the date of the testator's death."
The North Carolina case of Wachovia Bank & Trust Co. v. Grubb, 233 N.C. 22, 62 S.E.2d 719, cited by appellants, had for consideration a will providing for a residual trust similar to the case at bar. There the will provided as follows:
"`(1) The entire net income derived from my trust estate shall be paid monthly, or quarterly, after the expiration of three years from the date of my death and probate of this will, to the following' * * *."
The court, in that case, concluded that all income during the three-year period following the testator's death became the property of the income beneficiaries, even though enjoyment of the gift was postponed for a three-year period.
A life tenant is entitled to income, unless otherwise provided in the will, from the death of the testator. The effect of *359 this rule is that income earned between death of the testator and the closing of the estate does not go to swell the corpus of the trust fund but goes to the beneficiary of the income. This rule is based on the presumed intention of the testator to favor, in the absence of an express intention to the contrary, the immediate object of his bounty in preference to more remote beneficiaries. 70 A.L.R. 636.
In the case at bar, it appears the income beneficiaries were the primary object of the testatrix's bounty. This is apparent because the income beneficiaries named in the will were the closest living relatives of the testatrix; they were named as coexecutors and cotrustees; the power of invasion of the corpus was granted in favor of the income beneficiaries for certain purposes; they were to be notified in the event of sale of certain stock which constituted the single most valuable asset; the contingent remaindermen were not even required to be given notice of proceedings during the course of administration of the estate or the testamentary trust.
To construe the Nell Carter Kuehn will as indicating an intent on the part of the testatrix to pay the income to the beneficiaries from the date of final distribution of the estate instead of the date of her death is contrary to the general rule. That does not mean that a testator may not fix a date other than that of his death as the date from which the income shall accrue. We believe, however, that the language in the Kuehn will does not indicate an express intention to fix the date of distribution of the assets of the estate as the date the life tenants are entitled to the income. We conclude the lower court failed to distinguish between the right to income which, by statute, vests upon death of the testator, and the right to the payment and enjoyment of income.
A further question involves income accruing during the course of administration of the estate. The custodial executor received approximately $15,400 income from the assets distributed by the final decree to the testamentary trustees and approximately $3,400 derived from assets which were liquidated during the course of probate in order to pay debts, bequests and administrative expenses. The District County Court in its final decree determined that all of said income was properly used in the payment of debts and expenses of the estate.
We have already decided that the income derived from the estate should inure to the benefit of the income beneficiaries from the date of the testatrix's death. Therefore, this would include the $15,400 income derived from the assets distributed by the final decree.
A more difficult question, however, arises when we consider the $3,400 income derived from the sale of estate assets in order to pay debts and expenses. The courts appear to be divided on the question of whether all such income should be awarded to the income beneficiaries, or whether the income from assets sold to pay debts and expenses should be added to the corpus.
According to an annotation in 2 A.L.R. 3rd 1061, it appears that in some jurisdictions income from property which the executor sold or used in paying legacies, debts and expenses, if not otherwise disposed of by will, is held to be distributable to the income beneficiaries of the residuary trust. This is the so-called "Massachusetts rule", which is said to have the advantage of being simplest and easiest to apply. In other jurisdictions courts have said income derived from property disposed of during probate should be added to the corpus or principal of the residuary trust, and not paid to the income beneficiary. This is the so-called "old New York rule", but it is no longer followed in New York because the legislature has, in effect, adopted the Massachusetts rule.
It appears a legislative trend in favor of the Massachusetts rule seems to have developed and, consequently, some state legislatures *360 have abrogated the old New York rule and, in effect, adopted the Massachusetts rule. It should also be noted that Restatement of the Law, Trusts 2nd, § 234, states the Massachusetts rule as the prevailing one, although the first edition of the Restatement of the Law, Trusts, stated the old New York rule as the prevailing one. No decision or statute in South Dakota covering the proposition has been called to our attention.
Because the trend of both cases and statutes is toward applying the Massachusetts rule allocating such income to the income beneficiary of the residuary estate, we hold the income beneficiaries in the Nell Carter Kuehn estate are also entitled to the income accrued from the sale of assets during the course of the probate.
The final question is whether appellants are entitled to an allowance for attorney's fees and expenses incurred in prosecuting this appeal. We believe they are. In this case it was necessary to appeal the decision of a lower court to obtain a construction of the will. It therefore seems proper that payment of reasonable attorney's fees and expenses should be ordered chargeable to the principal and not to the income in the trust proceedings. 31 Am.Jur.2d, Executors and Administrators, § 541.
The final decree is reversed, and the proceeding remanded to the District County Court of Minnehaha County with directions to revise the declaratory provisions of said final decree as follows:
1. The trustees receiving the residual assets shall determine from the accounting of the executor the true residue of the estate in the following manner:
(a) Ascertain inventory value of the assets of the decedent at the time of her death.
(b) Subtract specific bequests.
(c) Subtract debts of decedent paid during administration.
(d) Subtract federal estate taxes and South Dakota inheritance taxes paid during administration.
(e) Subtract expenses of administration allowed by the court.
(f) Subtract reasonable attorney's fees and expenses incurred in connection with this appeal.
(g) Add any income taxes paid by the executor attributable to income hereby awarded to the income beneficiaries.
(h) Make adjustment for any variance between inventory values and the sale price of assets sold during administration.
2. The net figure thus obtained constitutes the residue which the testatrix left in trust. The income over and above that residue which was realized by the executors during administration should be separately identified so that the testamentary trustees may distribute it promptly from the assets in their hands.
Reversed and remanded.
BIEGELMEIER, C. J., and WINANS and WOLLMAN, JJ., concur.
DUNN, J., not participating.
MUNDT, Circuit Judge, sitting for DOYLE, J., absent.