Maxwell R. Herman, Successor Trustee, Appellee, v. R. G. Mueller et al., Defendants. Appeal of Celia Daniels and Margaret Fischer, Appellants.

Gen. No. 41,782.

Heard in the third division of this court for the first district at the February term, 1941. Opinion filed May 27, 1942.

McCABE, ABRAHAMS & DALY and WILLIAM VIHON, all of Chicago, for appellants; HARRY ABRAHAMS, WILLIAM VIHON and NUNZIO GIAMBALVO, all of Chicago, of counsel.

HIRSCH E. SOBLE, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

Plaintiff, successor trustee, filed a proceeding in equity in the circuit court of Cook county, wherein he asked for directions as to whether proposals made to him by certain guarantors for covenants not to sue on their obligation should be accepted. The trial court entered a decree authorizing the acceptance of the proposals and directing the plaintiff to execute the covenants. Celia Daniels, defendant, and Margaret Fischer, intervenor, for convenience called appellants, owners of bonds covered by the guaranty, have appealed.

On November 15, 1927, Michigan-Chestnut Building Corporation, borrowed $575,000 from Greenebaum

Sons Investment Company and delivered to the latter bonds of the Corporation and a trust deed, securing them, conveying a leasehold estate to the Bank of America, as trustee. As further consideration for the loan Holabird, Root, Bowes, Bendix, Hackett, Hageman, Harris, Frankenstein, and Ralph A. Bard & Company made a guaranty with Greenebaum for the benefit of, and to protect, the owners and holders of the bonds. The bonds were sold to the public and those numbered 1 to 194 were paid in 1932, but thereafter default was made in payment of the balance of the bonds.

The questions presented on this appeal are whether all the bondholders were properly before the court and whether the decree is sustained by the record and is fair, just and equitable.

The plaintiff selected as representative defendants a Bondholders' Committee, representing approximately $225,000 in bonds owned by 251 of the total 560 bondholders; the Reconstruction Finance Corporation, holder of certain bonds; Chicago Title and Trust Company, trustee under a prior deed and found to have no interest here; and Celia Daniels and R. J. Hammel, individual bondholders. The bondholders not actually represented appear to be located widely between Chicago, Illinois and Burujird, Persia and plaintiff's attempts to contact a majority of them by mail have been unsuccessful. The bondholders, so far as this proceeding is concerned, are all in the same situation and it is apparent that to bring them all before the court was impossible. We believe, under these circumstances, that all the bondholders were represented in court and were within its jurisdiction and bound by its valid decree. *Hale v. Hale,* 146 Ill. 227.

Appellants have charged that the proposals were not in the best interests of the trust estate; that the guarantors were able to pay their full obligations, and that the trustee had no right or power under the trust

deed or guaranty to compromise the obligations. Hola-bird, Root and Bowes, called guarantors herein, have offered plaintiff as successor trustee $40,000 for covenants not to sue them upon their obligation to pay the defaulted bonds. Following defaults, in payment of bonds, a joint action was filed in the circuit court, case No. 34-C 4253, seeking foreclosure of the trust deed and enforcement of the guaranty. That proceeding has been pending while negotiations between the guarantors and plaintiff have been crystalizing into the instant proceeding. The plaintiff, in doubt, because of conflicting opinions as to the guarantors' liability and because of the improbability of realizing more through action on the guaranty than is offered in compromise, turned to the trial court for direction. The court assumed the responsibility of deciding whether the proposals to compromise should be accepted and directed their acceptance. The several contentions raised by appellants regarding the limitations of powers of the plaintiff under the trust deed and guaranty, are not applicable because plaintiff did not assume any power, he sought the advice and protection of the court. Neither instrument prohibited a compromise and the guaranty empowered plaintiff to enforce its terms. The situation is different, therefore, from those in the cases cited by the appellants where the court altered the terms of instruments, or, in effect, wrote in new terms. The court in the case at bar had the power to direct the compromise because the terms of the instrument did not prohibit the exercise of power upon which the plaintiff sought the court's direction. Pomeroy's Eq. Jur. (5th) Vol. 4, p. 179.

The decisive point is whether the decree is in the best interests of the trust estate. An action in New York by a bondholder protected by the identical guaranty, subject of the instant proceeding, was successful against a co-guarantor. *Seixas v. Hegeman,* 158 Misc. 560, 285 N. Y. S. 838. That fact weighs heavily in

favor of prosecuting the action against the guarantors here, because the defense raised by them in plaintiff's proceeding to enforce their guaranty obligation, is the same as that offered in the New York case. Would judgments against the guarantors, if recovered, produce more than they have offered in compromise? It appears from the evidence that the guarantors were insolvent at the time of the hearing and that, in so far as their financial condition was concerned, the advisability of compromising could not be seriously questioned. The alternative to compromising their obligations, appeared to be bankruptcy. Their co-guarantors, John W. Harris, Horatio Hackett and Vincent Bendix, were in bankruptcy at the time of the trial and plaintiff had received dividends from the estate of Hackett in the sum of $14,383.33 and from that of Harris $26,015.25. Appellants' most serious objection is that gifts made by the guarantors to their wives, after default in payment of bonds, subject of the guaranty, amounted to approximately $171,000 and were made under circumstances such as render them vulnerable to be set aside in an appropriate action. It is claimed by appellants that under the rule restated in *Reisch v. Bowie,* 367 Ill. 126, the gifts must be construed as personal assets of the guarantors available for recovery by the trust estate following prosecution of the action to enforce the obligation of the guarantors. Plaintiff says that there was no evidence that the gifts were still held by the donees or that they had not been dissipated or that they were of the same value as when made. Appellants' answer that plaintiff, as trustee, under the decision in *Chicago Title & Trust Co. v. Robin,* 361 Ill. 261, had the burden of producing that evidence. That decision, imposing the burden upon the trustee, is not applicable here because the plaintiff has not made a compromise which he must sustain. He has asked directions of the court because of his doubt and in

order to be relieved of responsibility for the compromise. His action was appropriate. Pomeroy's Eq. Jur. (5th) Vol. 4, p. 180. The guarantors and their attorney testified to the circumstances surrounding the gifts, but not as to their present condition; plaintiff was indifferent; and, the objecting bondholders, appellants here, offered no evidence as to the present condition or value of the gifts, they complain it was plaintiff's duty to do so. The court had to decide, from the testimony given, not whether actions to set aside the gifts would probably be successful, but whether if successful the fruits of success would justify the expense and delay of the litigation; and whether from the facts before him the net benefits to the trust estate would, in his judgment, be greater through compromise or through the various actions. It was within his discretion to make the decision and we cannot say that he abused his discretion.

The decree of the circuit court is, therefore, affirmed.

*Decree affirmed.*

BURKE, P. J., and HEBEL, J., concur.