THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BERNARD HOROWITZ, Appellant.

First Department, May 11, 1967.

*Henry S. Dogin* of counsel (*Michael Juviler* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

*Patrick M. Wall* for appellant.

TILZER, J. The defendant had been indicted for the crime of criminally buying and receiving stolen property as a felony. He was permitted to plead guilty to criminally receiving stolen

property as a misdemeanor. Defendant received a suspended sentence upon the People's recommendation to that effect since he owed time on a prior felony conviction. Prior to pleading guilty the defendant had moved to suppress certain evidence and to suppress an admission allegedly made by him. These motions were denied after a hearing. The present appeal is from the judgment of conviction, bringing up for review the denial of those motions. (Code Crim. Pro., § 517.)

Reference is made to the dissenting opinion for the circumstances under which Detective Weber received information from the Central Intelligence Bureau of the Police Department which led him to the defendant. We hold that the officer would have been derelict in his duty had he not pursued the information given to him by the Central Intelligence Bureau. And when, in pursuing that information, he saw a man, having the exact physical attributes and carrying a brown paper bag, in the very place stated by the anonymous caller, Weber had personally verified every facet of the information given to him except whether the defendant had stolen bonds in the paper bag. And surely, with every other bit of the caller's information thus personally verified, Weber had reasonable grounds to believe that the remaining bit of the caller's information—that the defendant would have stolen bonds with him—was likewise true. (*Draper* v. *United States,* 358 U. S. 307.)

In determining what constitutes reasonable cause we must, initially, recognize the large difference between what is required to prove guilt and what is required to show reasonable cause for an arrest. In dealing with probable or reasonable cause we deal with the practical considerations of everyday life. We are not concerned with technical standards of proof required to establish guilt. Our inquiry is whether the facts were such as to warrant a belief of guilt in a reasonable and prudent man. A judgment so formed by a police officer may be based upon hearsay evidence, upon suspicious circumstances, upon probabilities. Faced with the necessity of immediate action, the officer must make a decision which will strive to balance the public interest against the interests and rights of individual citizens. (*Brinegar* v. *United States,* 338 U. S. 160; *Carroll* v. *United States,* 267 U. S. 132; *People* v. *Lane,* 10 N Y 2d 347; *People* v. *Coffey,* 12 N Y 2d 443, 451; *People* v. *Santiago,* 13 N Y 2d 326, 331.)

As we have said, Officer Weber had reasonable grounds for the action he took in arresting the defendant at about 10:30 on the evening of December 10, 1965. The anonymous caller had indicated his knowledge of the employment procedure utilized

by the *Times* and the officer had to act promptly since he knew that if defendant was not chosen to work that particular night he would have left the Times Building. Weber was not in a position to question the reliability of the official communication from the Central Intelligence Bureau of the Police Department. It was his duty to act upon that information, even though he was advised that the source was an anonymous tip. Valuable information coming to a police department is not to be disregarded because people may be reluctant to disclose their identity. Fear for their own safety, relationship to the malefactor, a distaste for publicity or any of a dozen reasons may lead them to conceal their names. So long as the information is reasonably corroborated by other matters within the officer's knowledge, an arrest without a warrant will be upheld. Nor does such corroboration require objective checking of elements related to the crime itself. Reasonable or probable cause may be established where the corroboration of the informant's statement pertains to "matters in themselves totally innocuous," such as "the informant's description of the defendant's appearance, and of where he would be on a given morning". (*Jones* v. *United States,* 362 U. S. 257, 269; and see *People* v. *Coffey,* 12 N Y 2d 443, 452, *supra; People* v. *Santiago,* 13 N Y 2d 326, 329, *supra; People* v. *Wilson,* 16 A D 2d 207.) In the face of a crime rate increasing at a pace six times faster than our population increase, while our law enforcement officers are beset by ever-expanding restrictions upon their access to evidence, it is right to bear in mind what Judge LEARNED HAND said more than 20 years ago: "It is well settled that an arrest may be made upon hearsay evidence; and indeed, the 'reasonable cause' necessary to support an arrest cannot demand the same strictness of proof as the accused's guilt upon a trial, unless the powers of peace officers are to be so cut down that they cannot possibly perform their duties." (*United States* v. *Heitner,* 149 F. 2d 105, 106 [C. A. 2d, 1945] [footnote of citations omitted].) To repeat, what is reasonable cause is a total judgment, a judgment based not upon technicalities, but upon the practicalities and exigencies confronting a prudent man at the moment. It is a judgment, nevertheless, which must today, as when the Fourth Amendment was adopted, "conserve public interests as well as the interests and rights of individual citizens." (*Carroll* v. *United States,* 267 U. S. 132, 149, *supra.*) "Justice, though due to the accused, is due to the accuser also. The concept of fairness must not be strained till it is narrowed to a filament. We are to keep the balance true." (CARDOZO, J., *Snyder* v. *Massachusetts,* 291 U. S. 97, 122.)

If an inculpatory statement was made by the defendant, and the record is unclear in this respect, it was not the fruit of an illegal search and was admissible.

The judgment should be affirmed.

STEVENS, J. (dissenting). I dissent, vote to reverse, vacate the judgment of conviction, permit withdrawal of the plea, grant the motion to suppress and would remand the matter for further disposition. To determine if probable cause existed for the warrantless search and seizure it is necessary to review the facts briefly.

The arresting officer, Detective Weber, was informed by a superior officer that such officer had received an anonymous phone call. The substance of such call as related to Weber, was that one Horowitz, whose physical description was given, was shaping up for work in the mail room of the *New York Times* building. Horowitz was said to have in his possession a brown paper bag containing stolen United States Savings Bonds and pornographic literature. Weber went to the building, was aided in locating Horowitz whose appearance conformed to the description given, spoke to Horowitz, who admitted his identity, and obtained the brown bag from Horowitz after Weber identified himself as a police officer. The bag contained United States Savings Bonds in the name of Anthony Cardone, but no pornographic literature. After Horowitz was taken to the precinct it was ascertained the bonds had been stolen.

Unless the anonymous phone call, coupled with Weber's later physical observations, constitutes reasonable cause, the seizure and arrest fall without the protective orbit of section 177 of the Code of Criminal Procedure. In my view there was a lack of probable cause. At the time Weber made the search and took defendant into custody he neither knew nor had reason to believe any bonds had been stolen or the amounts of such bonds. Thus, Weber had no reason, aside from the anonymous tip, to believe that a felony had been committed or that defendant had committed it. At most there could be only a mere suspicion. Since the call was anonymously made, there was no indicia that the informant was reliable, or that he possessed a sufficient motive upon which to ground an inference of accuracy and truthfulness (cf. *People* v. *Martin,* 13 N Y 2d 326). While " substantiation of information can come either from the informer's own character and reputation [here admittedly lacking] or from the separate, objective checking of the tale he tells " (*People* v. *Coffey,* 12 N Y 2d 443, 452), such separate objective checking should involve elements related to the crime and not mere incidental physical characteristics. Otherwise, any disgruntled

or revengeful person, securely protected by anonymity, could for any cause or even no cause set in motion a chain of events which could injure or destroy the object of his dislike. Nor can it reasonably be asserted that the seizure here was under circumstances which warranted suspicion (see *People* v. *Lane*, 10 N Y 2d 347, 353; 47 Am. Jur., Searches and Seizures, § 52 *et seq.*; 5 Am. Jur. 2d, Arrest, § 45). The general rule is that one who instigates, causes or directs the arrest or detention of another is liable if such action results in false imprisonment. Such a rule is meaningless, when the moving cause cannot be identified.

STEUER and McGIVERN, JJ., concur with TILZER, J.; STEVENS, J., dissents in opinion in which BOTEIN, P. J., concurs.

Judgment of conviction affirmed.