**Douglas Campbell FORBES, Appellant,**

v.

**D. M. COGDELL, Sr. Estate et al.,
Appellees.**

**No. 4368.**

Court of Civil Appeals of Texas,
Eastland.

March 13, 1970.

Rehearing Denied April 3, 1970.

John F. Morehead, Morehead, Sharp, Tisdel & Gibbins, Plainview, for appellant.

George W. Miller, Stapleton & Miller, Floydada, A. W. Salyars, Lubbock, Cantey, Hanger, Gooch, Cravens & Scarborough, Ft. Worth, for appellees.

GRISSOM, Chief Justice.

Douglas Campbell Forbes sued the estates of D. M. Cogdell, Sr., and Jonnye K. Cogdell, and the children of said deceased persons, individually and as executors of the wills of said parents, to establish ownership of the west half of the Cogdell's Turkey Creek ranch by virtue of a parol gift from D. M. Cogdell, Sr., and his wife, Jonnye K. Cogdell. Forbes is the grandson of D. M. Cogdell, Sr., deceased, being the son of his daughter by a marriage prior to D. M. Cogdell, Sr's., marriage to Jonnye K. Cogdell. Forbes alleged he made permanent and valuable improvements on the land given him in reliance on said gift and with the knowledge and consent of the donors.

The defendants pleaded the statutes of frauds and conveyances, Articles 3995 and 1288, as a defense to the alleged parol gift

of land. They filed a motion for summary judgment contending in effect that plaintiff's deposition and pleadings established, as a matter of law, the non-existence of an essential element of Forbes' cause of action and that they were therefore entitled to judgment; that, to establish ownership by virtue of a parol gift, Forbes was required to prove that he made permanent and substantial improvements on the land with the knowledge of the donors; that improvements of insignificant value would not avail, nor would improvements made without the knowledge or consent of the donors; that Forbes testified in his deposition that he did not make any improvements prior to the death of D. M. Cogdell, Sr., on November 15, 1964, and that before the death of Jonnye K. Cogdell, on December 11, 1965, he had only built a water lot at a cost of $150.00 to $160.00, placed a used water tub of the value of $22.00 on the land and that these were the only improvements he made prior to the death of Jonnye K. Cogdell, and that Forbes had so testified that he did not tell anyone he had paid for those improvements and, therefore, Jonnye K. Cogdell could not have known of or consented to him making such improvements; that Forbes had so testified that the land given him had a value of $22.00 to $25.00 per acre, making the value of the land given him approximately $195,000.00; that such insignificant improvements, when compared to the value of the land given him, created no equity in his favor; that Forbes had also testified in his deposition to additional improvements in the nature of fencing and repairs amounting to an additional $200.00, but they were made after the death of both donors, and that the aggregate of the improvements Forbes so testified to were insignificant in comparison to the value of the land given him and insufficient to support a finding of a parol gift.

In answer to defendant's motion for summary judgment, Forbes filed six affidavits. In Forbes' affidavit he swore that, in the summer of 1964, he became the owner of the west half of Cogdell's Turkey Creek ranch and that he and his grandfather bulldozed a right-of-way for a fence down the middle of that ranch; that he and three others built a fence dividing the east and west halves of said ranch; that the fence was not completed in the summer of 1964 but it was then sufficient to separate livestock and establish a boundary line between the east and the west halves; "We built approximately two and one-half miles of fence in the summer of 1964 and it took us at least one month;" that, before the summer of 1964, Forbes' cattle had run on the entire ranch but after said work was done on the division fence in the summer of 1964, he and his grandfather, D. M. Cogdell, Sr., divided their cattle into two bunches and placed Forbes' on the west and his grandfather's on the east side of the division fence; that Forbes was in exclusive possession of the west half, and no one else had cattle thereon, from the summer of 1964, when the land was given to him, until March 1969, when his cattle were forcibly removed by the defendants. Paragraph IV of Forbes' affidavit contains the statement that after he took possession of the west half he made the following permanent and valuable improvements thereon in addition to the improvements listed in Item II of his affidavit; (Item II contained the statements concerning the bulldozing and building of a fence in the summer of 1964); that (1), in December 1964 and January 1965, Forbes with two others finished building said division fence; that (2) Forbes installed two water tubs on the west half, one in December 1964; that this first tin water tank was worth $22.00; that it was installed by Forbes and another and it took them half a day; that it was attached to the land; that he installed a second water tank in July, 1967; that he purchased it and it cost $53.79; that he installed it; that it took him three-fourths of a day; that (3) Forbes remodeled one corral; spent approximately $30.00 for material and that "another man and I" worked off and on for two or three days completing this remodeling job; that (4), in July 1965, Forbes purchased wire at a cost of $85.00 and fished posts out of the

river and built a water lot on the west half and it took him and several men three days to built it; that (5), in 1967, he remodeled the Brown pens and built a new chute, "the cost of the materials was over $90.00"; that it took Forbes four days, "working off and on", to do this remodeling; that (6), in 1967, Forbes and two others repaired a partition fence between the west half and the Hedgecoke land; (7) "We placed three feed houses on the west part of Turkey Creek ranch"; "I purchased all three of these at a cost of approximately $110.00"; that (8), in 1967 or 1968, Forbes built pens on Deer Creek; that the cost of the materials was about $90.00 and it took him and another man about three days to do the work; that (9) "Over a period of time" repairs were made on several windmills, the cost of the materials was about $40.00, and Forbes spent three or four days making the repairs; that (10) his grandfather told him several times before the summer of 1964 that he was "going to give him the land"; that he and his grandfather, before the summer of 1964, worked hard on the entire ranch fixing up both sides so they would be first class ranches and that they then made repairs and improvements of considerable value to both sides, "over the years."

Plaintiff's wife made an affidavit that in March 1964, they moved into D. M. Cogdell, Sr.'s, house on the Turkey Creek ranch and D. M. Cogdell, Sr., then told her "he had plans to divide" the ranch and give Deer Creek to her husband; that on several occasions he referred to the Deer Creek portion, or the western half, of the Turkey Creek ranch as "Doug's land;" that Mrs. Jonnye K. Cogdell said, after construction of the division fence in the summer of 1964, "Isn't it nice that Grandad is helping Doug?"

Plaintiff filed the affidavit of Odell Hibbitt which contains statements that, in the summer of 1964, he went to the Turkey Creek ranch with D. M. Cogdell, Sr.; and saw a right-of-way for a fence which had just been bulldozed; that Mr. Cogdell

pointed out "land that he had given to his grandson, Douglas Campbell Forbes;" that some posts were already up for the fence; that D. M. Cogdell, Sr., referred to the land on the west side of the fence as the land he had given Forbes.

Plaintiff filed the affidavit of Weldon Johnson which contains statements that on many occasions D. M. Cogdell, Sr., told him "he was going to give some land to Douglas Campbell Forbes"; that he was going to give him the Turkey Creek land; that, as time went on, he began to refer to the Turkey Creek ranch as "Doug's land."

The plaintiff also filed his second, or supplemental, affidavit in which he swore that building the division fence between the west and east halves of the Turkey Creek ranch was done by him in reliance on the gift; that the land had been given to him before the fence was started; that the improvements were made with the knowledge and consent of D. M. Cogdell, Sr., and Jonnye K. Cogdell; that the improvements referred to in Item IV of his first affidavit, in which he told of finishing the division fence in December, 1964 or January 1965, installation of two tin water tanks, remodeling of a corral, the second remodeling of the Brown pens, certain repairs in 1967 or 1968, were made in reliance on the gift and that the "other improvements listed in Item IV that were made before the death of Jonnye K. Cogdell" were made with her knowledge and consent. He swore that improvements mentioned in Item IV (O) of his affidavit were made in reliance on the promise of his grandfather to give him the land and that D. M. Cogdell, Sr., knew he was working to improve the land he had promised Forbes and that this and the work done and improvements made after the gift in the summer of 1964 and before the deaths of the donors was done with their knowledge and consent and that the living defendants had possession of records which showed he paid for the improvements.

The court sustained the defendants' motion for a summary judgment and rendered

judgment accordingly. Forbes has appealed. The substance of appellant's contention is that the record conclusively establishes or raises a fact issue as to the existence of all the essential elements of a valid parol gift of land and therefore the court erred in granting appellees' motion for a summary judgment and rendering judgment against him without a trial on the merits. He cites Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114; Murphy v. Stell, 43 Tex. 123 and Davis v. Douglas, Tex.Com.App., 15 S.W.2d 232.

■ Appellees say that Forbes' pleadings and deposition conclusively establish that he did not make permanent and valuable improvements on the land given him with the knowledge or consent of the donors and, therefore, it has been established, as a matter of law, that essential elements of Forbes' cause of action do not exist and therefore the court correctly summarily rendered judgment against Forbes. Appellees discuss all the facts and circumstances in evidence and make a convincing argument that, from all the evidence, the court properly concluded that some of the facts Forbes was required to establish to show a parol gift of the land did not exist. We do not think this argument gives effect to established applicable rules. The burden of proving there is no genuine issue of any material facts is upon the movant and all doubt as to the existence of such an issue must be resolved against the party moving for a summary judgment. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931. In that opinion the court quoted with approval the following from McDonald, Texas Civil Practice, Vol. 4, Sec. 17.26, p. 1394:

"In determining a motion thus depending upon extrinsic evidence, the court's task is analogous to that which he performs on a motion for directed verdict. He accepts as true all evidence of the party opposing the motion which tends to support such party's contention, and gives him the benefit of every reasonable inference which properly can be drawn in favor of his position."

In Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93, 94, the court said the trial court must first view all the evidence in the light most favorable to the petitioners, disregard all conflicts in the testimony and indulge in favor of petitioners every intendment reasonably deducible from the evidence. See also Tex.R.C.P. 166–A(c); Taylor Communications, Inc. v. Harte-Hanks Newspapers, Inc. (Sup.Ct.), 447 S.W.2d 401; Edwards v. Old Settlers' Ass'n, Tex. Civ.App., 166 S.W. 423, 426 (WR) Davis v. Douglas, Tex.Com.App., 15 S.W.2d 232, 234; Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company (Sup.Ct.), 391 S.W.2d 41, 47.

■ The question presented is whether the summary judgment proof established, as a matter of law, the non-existence of some essential element of Forbes' cause of action. Gibbs v. General Motors Corporation, Tex., 450 S.W.2d 827.

Applying the rules stated, that is, accepting as true all evidence which tends to support Forbes' contention and giving him the benefit of every reasonable inference which properly can be drawn in favor of his position, disregarding all conflicts in the evidence and resolving all doubts as to the existence of an issue as to a material fact against the Cogdells, we are forced to the conclusion that such proof did not establish, as a matter of law, the non-existence of an essential element of Forbes' cause of action. In so concluding, in accord with said rules, we have considered the kind and amount of improvements ordinarily made on ranch land of the type and quality indicated by the evidence favorable to Forbes. We conclude that the court erred in sustaining the defendants' motion and summarily rendering judgment for them. St. John v. Fitzgerald, Tex.Civ.App., 281 S.W.2d 201, 207, Syl. 4.

The judgment is reversed and the cause is remanded.