Bill P. COGDELL, Appellant,

v.

The FORT WORTH NATIONAL BANK
et al., Appellees.

No. 4941.

Court of Civil Appeals of Texas,
Eastland.

Dec. 9, 1976.

Rehearing Denied Jan. 6, 1977.

Gloria T. Svanas, Svanas & Svanas, Odessa, for appellant.

Robert M. Randolph, Law, Snakard, Brown & Gambill, George Christie, Pope, Hardwicke, Christie & Montgomery, Fort Worth, Lawson K. Stiff, Snyder, James R. Alexander, Lubbock, S. Tom Morris, Gibson Ochsner, Adkins, Harlan & Hankins, Amarillo, W. O. Shafer, Shafer, Gilliland, Davis, Bunton & McCollum, Odessa, for appellees.

McCLOUD, Chief Justice.

This summary judgment case involves the question of whether, and to what extent, a settlement agreement and release of claims by a trustee binds a nonconsenting beneficiary of the trust.

D. M. Cogdell died on November 15, 1964. His will was admitted to probate in Cause No. 2422 in the County Court of Scurry County, Texas, on November 30, 1964, and David Martin Cogdell, Jr., William Munsey Cogdell, and Jonisue Cogdell Stiff were appointed independent co-executors. Under paragraph III of the will certain specific properties were left to David Martin Cogdell, Jr., William Munsey Cogdell, and Jonisue Cogdell Stiff. The residue of the estate passed under paragraph IV as follows: one-tenth (1/10th) to The Fort Worth National Bank as trustee for the Marion P. Cogdell Trust, of which Marion P. Cogdell was the primary beneficiary; one-tenth (1/10th) to The Fort Worth National Bank as trustee for the Charlotte Cogdell Etgen Trust, of which Charlotte Cogdell Etgen was the primary beneficiary; and four-fifths (4/5ths) in equal shares to David Martin Cogdell, Jr., William Munsey Cogdell, and Jonisue Cogdell Stiff. The two trusts were for a term of ten (10) years after the death of D. M. Cogdell, and the trustee was given all of the powers of a trustee as defined in the Texas Trust Act, together with certain other specific powers.

On August 5, 1968, The Fort Worth National Bank, as trustee for the benefit of Marion P. Cogdell and Charlotte Cogdell Etgen, filed its original petition in Cause No. 9730, District Court of Scurry County, Texas, against David Martin Cogdell, Jr., William Munsey Cogdell, and Jonisue Cogdell Stiff, Independent Executors of the Estate of D. M. Cogdell, deceased, seeking an accounting, will construction, and distribution of the estate. Marion and Charlotte were also named as defendants. The will construction issues were severed and the severed cause appealed to this court. *Stiff v. Fort Worth National Bank,* 486 S.W.2d 859 (Tex.Civ.App.–Eastland 1972, writ ref. n. r. e.). Since the filing of the original petition on August 5, 1968, the Cogdell Estate has been involved in much litigation. See: *In re Estate of Cogdell,* 426 S.W.2d 586 (Tex.Civ.App.–Eastland 1968, writ ref. n. r. e.); *Forbes v. Cogdell,* 452 S.W.2d 568 (Tex.Civ.App.–Eastland 1970, writ granted); *Cogdell v. Williams,* 461 S.W.2d 187 (Tex.Civ.App.–Eastland 1970, no writ); *Stiff v. Fort Worth National Bank,* 486 S.W.2d 859 (Tex.Civ.App.–Eastland 1972, writ ref. n. r. e.); *Cogdell v. Fort Worth National Bank,* 536 S.W.2d 257 (Tex.Civ.App.–Eastland 1976, writ dism'd); *Cogdell v. Cogdell,* 537 S.W.2d 111 (Tex.Civ.App.–Eastland 1976, writ filed); *Cogdell v. Fort Worth National Bank,* 537 S.W.2d 304 (Tex.Civ.App.–Fort Worth 1976, writ filed).

Accountings were filed in Cause No. 9730 by the "Majority Executors," David Martin Cogdell, Jr., and William Munsey Cogdell. The bank as trustee filed numerous objections to the accountings and also sought damages against the three executors for unlawful and improper acts committed during the administration of the estate. Marion P. Cogdell, individually, filed objections to the accountings and sought damages against the executors, both in their individual and representative capacities, for unlawful and improper acts committed during the administration of the estate. Both the bank as trustee and Marion P. Cogdell, individually, alleged the executors failed to pay debts owed the estate, mishandled estate funds and properties, engaged in fraudulent self-dealing acts, and breached fiduciary duties. David Martin Cogdell, Jr., and William Munsey Cogdell filed a cross action against the bank in its individual capacity and as trustee. Jonisue Cogdell Stiff filed objections to the accountings filed by the majority executors and also a cross action against David Martin Cogdell, Jr., and William Munsey Cogdell.

On December 31, 1973, the bank in its individual capacity and as trustee for the Marion P. Cogdell Trust and the Charlotte Cogdell Etgen Trust entered into a conditional settlement agreement with David Martin Cogdell, Jr., and William Munsey Cogdell, individually and as the majority

executors of the D. M. Cogdell Estate. Under the settlement agreement, the parties compromised and settled all matters of conflict between the parties including the estate accounting. After the conditional settlement agreement was entered into, the bank filed its "Trustee's Petition for Instructions" which included the settlement agreement. The petition pointed out that the settlement agreement included a release and dismissal of the causes of action by David Martin Cogdell, Jr., and William Munsey Cogdell against the bank individually and as trustee, which circumstances created a potential conflict of interest and necessitated a court determination as to whether the settlement should be made. Marion P. Cogdell filed objections to the settlement agreement.

The court held an extensive hearing on the petition for instructions and the objections thereto, and on May 18, 1974, rendered judgment approving the settlement agreement as being in the best interests for the trusts and beneficiaries, and instructed the trustee to consummate the agreement.

The judgment further provided:

"That the evidence which would be offered on the trial of this cause would be voluminous, complex and sharply conflicting; that if this cause is tried on the merits there exists the possibility that Trustee would recover a substantially greater amount than the amount of the settlement, but there is also the possibility that Trustee would recover a lesser amount or nothing and that, in fact, Trustee's portion of the residuary estate of D. M. Cogdell could be charged with a portion of the Executors' attorneys' fees and with interest on excess distributions and distribution of stock, as set out in the Majority Executors' accounting; that settlement negotiations have been conducted between Trustee and the Majority Executors at arms' length and in good faith; that a trial on the merits of this cause would be extremely lengthy, complex and expensive; that Trustee has acted reasonably and properly in applying to the Court for instructions; that Trustee has

acted reasonably and properly in negotiating and executing a Settlement Agreement deemed advantageous and beneficial to the Trusts and to the beneficiaries of the Trusts; and that the Settlement Agreement is advantageous and beneficial to the Trusts and to their beneficiaries.

It is, therefore, ORDERED, ADJUDGED and DECREED that:

A. The Fort Worth National Bank, Trustee under the Will of D. M. Cogdell, Deceased, for the benefit of Marion P. Cogdell and for the benefit of Charlotte Cogdell Etgen is instructed to consummate said Settlement Agreement dated December 31, 1973, heretofore conditionally entered into between The Fort Worth National Bank, Individually, and as Trustee under the Will of D. M. Cogdell, Deceased, and D. M. Cogdell, Jr. and W. M. Cogdell, Individually, and as Majority Executors of the Estate of D. M. Cogdell, and said Settlement Agreement is in all things approved as being for the best interest of the Trusts and their beneficiaries.

B. The following proceedings and issues in this Cause No. 9730 are hereby severed from said Cause No. 9730, and same shall be separately docketed as Cause No. 9730–A on the docket of this Court:

1) Trustee's petition, all answers of all parties thereto; and all proceedings in connection therewith;

2) Trustee's objections to the accounting of the Majority Executors, the answer thereto, and all proceedings in connection therewith; and

3) the cross-action of D. M. Cogdell, Jr. and W. M. Cogdell, Individually and as Majority Executors of the Estate of D. M. Cogdell, Deceased, against The Fort Worth National Bank, Trustee and The Fort Worth National Bank in its individual corporate capacity, all answers thereto, and all proceedings in connection therewith.

C. Any cause of action asserted by any beneficiary of the Trusts created un-

der the will of D. M. Cogdell for the benefit of the Marion P. Cogdell Trust and for the benefit of the Charlotte Cogdell Etgen Trust against D. M. Cogdell, Jr. and W. M. Cogdell Individually and as Majority Executors of the Estate of D. M. Cogdell and against the Estate of D. M. Cogdell be held in suspense until the judgment of the District Court instructing the Trustee to execute the Agreement shall become final."

Following the entry of the May 18, 1974, judgment, Marion P. Cogdell, who had filed an answer to trustee's petition for instructions, appealed Cause No. 9730, not 9730–A, to this court and in an unpublished opinion dated July 3, 1975, No. 4731, we dismissed the appeal because the judgment entered in Cause No. 9730 was not a final appealable judgment. On September 8, 1975, the trustee and majority executors filed a certificate of "Consummation of Settlement," stating the settlement agreement had been fully performed.

Thereafter, the court granted interlocutory summary judgments in favor of David Martin Cogdell, Jr., William Munsey Cogdell, and Jonisue Cogdell Stiff, on the claims of malfeasance asserted by Marion P. Cogdell, the beneficiary of the Marion P. Cogdell Trust. The interlocutory summary judgments were incorporated into a final appealable judgment dated March 4, 1976. The claims and causes of action asserted by Marion P. Cogdell against the trustee, The Fort Worth National Bank, were transferred on a plea of privilege to Tarrant County.

Marion P. Cogdell, who is one and the same person as Bill P. Cogdell, has appealed.

Appellant, Marion P. Cogdell, contends the court erred in granting the summary judgments because genuine fact issues exist as to the fraud of the executors. Appellees, David Martin Cogdell, Jr., William Munsey Cogdell, and Jonisue Cogdell Stiff, argue that the trustee of the Marion P. Cogdell Trust had the power to, and did, settle and compromise all claims against the appellees. We agree.

Appellant's sole right to standing as a party in this case arises from the fact he was a beneficiary under the will. His rights are derivative rights under the trust. In paragraph IV of the will, the trustee was given all of the powers of a trustee under the Texas Trust Act. Section 25 E of that Act, Article 7425b, Tex.Rev.Civ.Stat.Ann., provides:

"In the absence of contrary or limiting provisions in the instrument creating the trust, or a subsequent order or decree of a court of competent jurisdiction, the trustee of an express trust is authorized:

.   .   .   .   .

E. To compromise, contest, arbitrate, or settle any and all claims of or against the trust estate or the trustee as such. To abandon property deemed by the trustee burdensome or valueless."

See also: 35 A.L.R.2d 967; Restatement of Trusts 2d, § 192; III Scott on Trusts § 192; Bogert, Trusts and Trustees, § 592.

The rule permitting a trustee to compromise and settle claims involving a trust is sound, otherwise, the administration of the trust would require litigation of every claim by or against the trust.

Here, the trustee also sought and received the approval of the court regarding the settlement agreement. Restatement of Trusts 2d, § 192, Comment (d), states:

"Application to the Court. If the trustee is in doubt whether he should compromise or submit to arbitration a claim, he may ask the instruction of the court or he may agree thereto conditionally upon the subsequent approval of the court."

See also: Herman v. Mueller, 314 Ill.App. 663, 42 N.E.2d 303 (1942); In re Ortiz' Estate, 26 Del.Ch. 240, 27 A.2d 368; Redmond v. Commerce Trust Co., 144 F.2d 140 (8th Cir., 1944) cert. den'd, 323 U.S. 776, 65 S.Ct. 187, 89 L.Ed. 620 (1944); Wachovia Bank & Trust Co. v. Buchan, 261 N.C. 595, 135 S.E.2d 559 (1964).

Appellant argues that since Jonisue Cogdell Stiff was not a party to the settlement agreement she in no event was

released by the trustee. The record shows that all of the claims asserted by appellant and his trustee were based upon Stiff's acts as an executor. On August 12, 1975, the court entered an order, on the trustee's motion, dismissing with prejudice all claims asserted by the trustee against Jonisue Cogdell Stiff, individually and as an executor of the D. M. Cogdell Estate. Appellant argues the trustee had no power to dismiss such claims because the ten year trust had terminated. The trustee has such powers and duties as are appropriate for the "winding" up of the trust. *Kimble v. Baker,* 285 S.W.2d 425 (Tex.Civ.App.–Eastland 1955, no writ); *Cogdell v. Fort Worth National Bank,* 537 S.W.2d 304 (Tex.Civ.App.–Fort Worth 1976, writ filed); Restatement of Trusts 2d, § 344; Bogert, Trusts and Trustees, § 1010.

■ The trustee had the power to release the claims against the appellees and appellant, as beneficiary of the trust, is bound by that action. *Jones v. Jones,* 7 N.E.2d 1015 (Mass.Sup.1937); *Edelstein v. Old Colony Trust Company,* 336 Mass. 659, 147 N.E.2d 193 (1958). If the trustee has acted improperly, then appellant may pursue his cause of action against the trustee for such conduct. As noted earlier, appellant's action against his trustee has been transferred to Tarrant County.

■ Appellant also urges the court erred in ordering a severance in the May 18, 1974, judgment. We disagree. A trial court has wide discretion in severance matters. Rule 41, T.R.C.P.; *Hamilton v. Hamilton,* 154 Tex. 511, 280 S.W.2d 588 (1955); *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677 (1956). In *McGuire v. Commercial Union Insurance Company of New York,* 431 S.W.2d 347 (Tex.1968), the court stated:

".    .    .    Rule 41, Texas Rules of Civil Procedure, provides that 'any claim against a party may be severed and proceeded with separately.' This rule refers to a claim which is a severable part of a controversy which involves more than one cause of action. *Rose v. Baker,* 143 Tex. 202, 183 S.W.2d 438 (1944). Rule 41 grants the trial judge broad discretion in

the matter of consolidation and severance of causes. *Pierce v. Reynolds,* 160 Tex. 198, 329 S.W.2d 76 (1959); *Hamilton v. Hamilton,* 154 Tex. 511, 280 S.W.2d 588 (1955). The wrongful death action brought by Mrs. Pryor was a separate and distinct cause of action from the personal injury action brought by the McGuires. Since these causes were separate and distinct, each being such that it could be properly tried if it were the only claim in controversy, the two claims were properly severable under Rule 41. *Kansas University Endowment Association v. King,* 162 Tex. 599, 350 S.W.2d 11, 19 (1961). Because of the settlement of the Pryor claim, the severance did not result in duplicitous trials of interwoven or identical issues which might make a severance inappropriate under other circumstances    .    .    ."

The court did not abuse its discretion in ordering the severance.

■ Appellant asserts he was entitled to a jury trial in connection with the hearing on the Trustee's Petition for Instructions. We disagree. Some of the factors to be considered in such a hearing were listed in *In re Ortiz' Estate,* 26 Del.Ch. 240, 27 A.D.2d 368 (1942) as follows:

" '(1) The probable validity of the claims.

'(2) The apparent difficulties in enforcing the claims through the courts.

'(3) The collectibility of any judgment recovered.

'(4) The delay, expense and trouble of litigation.

'(5) The amount of the compromise as compared with the amount and collectibility of a judgment.

'(6) The views of the parties involved, pro and con.

'Upon a consideration of these factors, a conclusion must be arrived at as to whether or not a compromise is for the best interests of the claimant.' "

The court in *Alamo Title Company v. San Antonio Bar Association,* 360 S.W.2d 814 (Tex.Civ.App.–Waco 1962, writ ref. n. r. e.) when confronted with the question of

whether the appellant was entitled to a jury finding on the "reasonable probability or threat that the acts enjoined would be done in the future," stated:

"We do not consider the question of likelihood of appellant's resumption or continuation of the acts enjoined as being an ultimate issue of fact for the jury. Extensive search has failed to produce a decision suggesting a contrary conclusion. Although in this State the right of trial by jury is preserved in an equitable action, *San Jacinto Oil Co. v. Culberson*, 100 Tex. 462, 101 S.W. 197, only ultimate issues of fact are to be so determined; and this historically, for the purpose of informing the conscience of the chancellor. Although in Texas the findings on issues of fact are binding, equitable principles and the relief afforded by equity continue to be applied by the court itself, 1 Pomeroy, Equity, 5th ed., 808; Rule 693, Texas Rules of Civil Procedure; and see *Dennis v. United States*, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137, syl. 22. A jury in equity, even under a blended system, does not decide the issue of expediency, necessity or propriety of equitable relief. If submitted, the issue would evoke only a conjectural and speculative surmise which, in our opinion, would not control the processes of equity. It was an element deducible from the circumstances for the court to consider in determining whether wrong or injury might be anticipated and whether chancery powers should be exercised. It constituted here, in effect, a mixed question of law and fact at most. . . ."

We hold the approval or disapproval of the settlement agreement was not a fact question to be determined by a jury.

■ Appellant further argues that the summary judgments in favor of appellees must be reversed because there is no summary judgment evidence. He relies upon the rules announced in *Gardner v. Martin*, 162 Tex. 156, 345 S.W.2d 274 (1961) and *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540 (Tex.1971). The cases are not controlling. Appellees do not rely upon the pleadings as proof of extrinsic facts. The pleadings merely shape the issues. The documents and orders relied upon by appellees were all a part of the trial court record in the cause being appealed. The court may properly consider the orders and motions which are a part of the record in the case. *Horn v. Tuller*, 524 S.W.2d 597 (Tex.Civ.App.–Houston (1st Dist.) 1975, no writ); *Perry v. Little*, 377 S.W.2d 765 (Tex.Civ.App.–Tyler 1964, writ ref. n. r. e.); *Siegel v. McGavock Drilling Company*, 530 S.W.2d 894 (Tex.Civ.App.–Amarillo 1975, writ ref. n. r. e.); *Murray v. Texas Department of Public Safety*, 461 S.W.2d 210 (Tex.Civ.App.–Eastland 1970, no writ).

All points of error not specifically discussed herein have been considered and they are overruled.

Judgment of the trial court is affirmed.