NO. 07-06-0158-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 9, 2007
_____

CLAY CAMPBELL, CLAIRE CAMPBELL AND CHARLES CAMPBELL
INDIVIDUALLY AND AS EXECUTORS AND BENEFICIARIES
OF THE CHARLES K. CAMPBELL TRUST, APPELLANTS

V.

THE AUTOMOBILE INSURANCE COMPANY 0F HARTFORD
CONNECTICUT AND S. CRAIG GIDEON, APPELLEES
_____

FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY;

NO. GN301441; HONORABLE MARGARET A. COOPER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellants Clay Campbell, Claire Campbell and Charles Campbell,[1] acting

"Individually and as Executors and Beneficiaries of the Charles K. Campbell Trust" sued

The Automobile Insurance Company of Hartford, Connecticut and S. Craig Gideon

---

[1] Charles J. Campbell and not Charles K. Campbell is the person who is a party to the lawsuit.

(collectively referred to as "AIC"). Appellants appeal the trial court's grant of a take-nothing summary judgment in favor of AIC. We will vacate the judgment and dismiss the suit.

AIC issued a renewal dwelling fire policy insuring a lake house in Austin, Texas. The named insureds in the policy were Charles K. Campbell and the Charles K. Campbell Trust. Charles K. Campbell, who was appellants' father, died on a date not reflected in the summary judgment record. Appellants had used the house as a vacation home for several years.

Appellants sold the house in March of 2002. The summary judgment record contains a 2001 sales contract listing the seller of the property as "Frank G. Jones, Trustee of the Charles K. Campbell Trust." A 2002 amendment to the sales contract states, "The name of the Seller is changed from Frank G. Jones, Trustee of the Charles K. Campbell Trust dated 6/30/71 to Charles Joseph Campbell, Claire Roberts Campbell and Clayton Kenneth Campbell, as successors to the Charles K. Campbell Trust dated 6/30/71 by reason of the trust's distribution of the subject property by the Distributio[n] Deed dated to be effective June 30, 2001 and recorded in the Real Property Records of Travis County, Texas."

In October of 2001, before the house sold in 2002, appellants filed a claim with AIC for mold damage to the home's interior. After investigating the claim, AIC denied coverage for the mold damage. Appellants filed suit in May of 2003 against AIC, alleging breach of contract, violations of Articles 21.21 and 21.55 of the Texas Insurance Code, violations of

2

the Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing.[2] As noted, appellants sued in their individual capacities and as "executors and beneficiaries of the Charles K. Campbell Trust." The trustee of the trust did not participate in the suit. Appellants' petition said the trust had "expired."

AIC's motion for summary judgment, filed pursuant both to Rules of Civil Procedure 166a(c) and 166a(i), asserted several grounds, beginning with the assertion that AIC was entitled to summary judgment because appellants were "strangers to the insurance policy" on which the suit was based and lacked standing to sue.

Following a hearing on AIC's motion for summary judgment, the trial court sent counsel a letter stating the court was granting the motion on the basis that the plaintiffs lacked standing to sue. The court later signed a take-nothing judgment that does not state the grounds on which it was granted. This appeal ensued.

Appellants raise eight issues on appeal. By their first issue they challenge the trial court's summary judgment determination that they lacked standing to sue. We overrule the issue.

The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a "justiciable interest" in its outcome. *Austin Nursing Center, Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). The standing doctrine requires that there be

---

[2] S. Craig Gideon was AIC's claim representative who investigated the mold claim. Appellants asserted no claims against Gideon apart from their claims against AIC.

a real controversy between the parties that will be actually determined by the judicial declaration sought. *Id*. (quoting *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993)). Absence of standing deprives a court of subject matter jurisdiction, thus standing may be raised at any time. *Id*.

Privity of contract provides a party with standing to maintain a suit on the contract. *Interstate Contracting Corp. v. City of Dallas*, 135 S.W.3d 605, 618 (Tex. 2004); *Redmon v. Griffith*, 202 S.W.3d 225, 239 (Tex.App.–Tyler 2006, pet. denied); *see also Republic National Bank of Dallas v. National Bankers Life Ins. Co.*, 427 S.W.2d 76, 79 (Tex.Civ.App.–Dallas 1968, writ ref'd n.r.e.) ("privity of contract is an essential element of recovery in an action based on contractual theory").[3] With respect to property insurance policies, Texas law has long held that a party who is a complete stranger to the contract is not in a legal position to recover any interest in the policy proceeds. *See Travelers Fire Ins. Co. v. Steinmann*, 276 S.W.2d 849, 851 (Tex.Civ.App.–Dallas 1955, writ ref'd n.r.e.) (stating general rule); *see also Durren v. U.S. Fire Ins. Co.*, 579 S.W.2d 32, 36 (Tex.Civ.App.–Tyler 1979, no pet.) (also stating rule). The law presumes that a written agreement correctly embodies the parties' intentions and is an accurate expression of the agreement between the parties. *Estes v. Republic National Bank of Dallas*, 462 S.W.2d 273, 275 (Tex. 1970); *St. Paul Lloyd's Ins. v. Fong Chun Huang*, 808 S.W.2d 524, 527 (Tex.App.–Houston [14th Dist.] 1991, writ denied). Thus, proof of the insurance policy

---

[3] *Cf. Haug v. Carter*, 2004 WL 1685619, *7 (Tex.App.–Austin July 29, 2004, pet. denied) (mem. op.) (holding the person claiming to be a third-party beneficiary must establish the existence of a contract and standing as a third-party beneficiary).

provisions allowing the plaintiff to recover is sufficient to confer standing to sue. *Paragon Sales Co., Inc. v. New Hampshire Ins. Co.*, 774 S.W.2d 659, 661 (Tex. 1989).

In their response to AIC's motion for summary judgment, appellants took the position their status as the children and beneficiaries of Charles K. Campbell and the "expired" Charles K. Campbell Trust gave them standing to maintain the action. The policy contains language addressing the effect of the death of the named insured, but the language does not support a contention that appellants, as his children, automatically stepped into his shoes on his death.

Appellants have advanced two arguments regarding their status as beneficiaries of the trust bearing their father's name. The trust instrument is not in the summary judgment record, but the 2002 sales contract amendment provides evidence appellants were beneficiaries of the trust. They have contended their status as beneficiaries makes them third-party beneficiaries of the insurance policy. They cite *Paragon Sales*, 774 S.W.2d at 661, for that proposition. There, the court found documentation provided some evidence to confer standing on a shipper of goods, as a third-party beneficiary, to enforce a policy of insurance issued to the bankrupt motor carrier who had lost the goods. But the court there noted that the policy endorsement and notice in evidence "expressly provide for recovery by parties shipping goods . . . ." *Id*. at 660. Appellants can point to no similar language in the policy at issue here, evidencing an intention to benefit third parties in their position.

Appellants also cite section 282 of the Restatement of the Law (Second) of Trusts in support of a contention they should be permitted to pursue the claim against AIC because the trust has terminated.[4] AIC does not dispute appellants' assertion the trust "expired" at a time before this suit was filed, but the Texas Trust Code expressly provides that the trustee of a terminated trust may continue to exercise the powers of trustee for the reasonable period of time required to wind up the affairs of the trust. TEX. TRUST CODE ANN. § 11.052 (Vernon 2007); *see Cogdell v. Fort Worth National Bank*, 544 S.W.2d 825, 829 (Tex.Civ.App.–Eastland 1976, writ ref'd n.r.e.) (applying similar Texas Trust Act provision). The evidence that the trustee of the Charles K. Campbell Trust was available to execute the deed to appellants referred to in the 2002 sales contract amendment demonstrates his availability. Even if the provisions of the Restatement appellants cite comport with Texas law, a question we do not decide, there is no evidence the trustee here neglected or refused to participate in this suit.

---

[4] Section 282 of the Restatement of the Law (Second) of Trusts states as follows:

(1) Where the trustee could maintain an action at law or suit in equity or other proceeding against a third person if the trustee held the property free of trust, the beneficiary cannot maintain a suit in equity against the third person, except as stated in Subsections (2) and (3).

(2) If the trustee improperly refuses or neglects to bring an action against the third person, the beneficiary can maintain a suit in equity against the trustee and the third person.

(3) If the trustee cannot be subjected to the jurisdiction of the court or if there is no trustee, the beneficiary can maintain a suit in equity against the third person, if such suit is necessary to protect the interest of the beneficiary.

As noted, the policy at issue lists Charles K. Campbell and the Charles K. Campbell Trust as the only named insureds under the policy. We find the summary judgment evidence demonstrates there is no genuine issue of fact regarding appellants' privity of contract with AIC, and that, as a matter of law, appellants are strangers to the insurance contract, not in a legal position to recover any interest in the policy proceeds. *Durren*, 579 S.W.2d at 36. Appellants lack standing to sue AIC on the policy.[5] *Austin Nursing Center*, 171 S.W.3d at 848; *Interstate Contracting*, 135 S.W.3d at 618. We overrule their first issue on appeal.

Because appellants lack standing, we need not reach most of their other issues on appeal. We must, however, address their eighth issue, by which appellants contend the trial court erred by denying them permission to file additional summary judgment evidence submitted after the hearing on the motion for summary judgment but before the trial court signed its judgment. Civil Procedure Rule 166a(c) provides that, except on leave of court, the non-movant's summary judgment response is to be filed not later than seven days before the day of the hearing on the motion for summary judgment. The rule further provides that the trial court shall render judgment if the summary judgment evidence "on file at the time of the hearing, or filed thereafter and before judgment with permission of the court" shows summary judgment is appropriate. TEX. R. CIV. P. 166a(c). Summary judgment evidence may be filed late, but only with leave of court. *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996). As appellants' brief points out, the trial court

---

[5] Appellants do not contend on appeal that they have standing to assert their other causes of action even if they lack standing to sue on the policy.

has discretion to allow late filing of opposing summary judgment evidence. *See, e.g., Diaz v. Rankin*, 777 S.W.2d 496, 500 (Tex.App.–Corpus Christi 1989, no writ) (stating rule). Accordingly, we review the trial court's denial of leave to file summary judgment evidence late for abuse of discretion. *Fowlkes v. Del Rio Bank and Trust Co.*, 747 S.W.2d 443, 444 (Tex.App.–San Antonio 1988, no writ); *see also Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686-87 (Tex. 2002) (late-filed summary judgment response).

AIC's motion for summary judgment was filed July 21, 2005. On September 15, 2005, appellants filed a motion for a continuance of the summary judgment hearing, based on counsel's conflicting trial settings. According to that motion, the summary judgment hearing was set for September 29. Apparently, the motion for continuance was granted because the summary judgment hearing was held October 26, 2005. Appellants' response to the summary judgment motion was served on October 18. On November 8, the trial court sent counsel a letter stating AIC's motion for summary judgment was granted.

Appellants filed a motion for leave to file a "supplemental" affidavit of Clay Campbell, together with the affidavit, on December 8. The motion also requested leave to file an amended petition. Appellants' motion was set for hearing on December 15, 2005, at the same time the court heard AIC's motion for judgment. At the hearing, the trial court denied appellants' motion and signed AIC's proposed judgment.

The supplemental affidavit appellants tendered provided additional information in support of their contention they had standing to pursue the lawsuit. On appeal, appellants contend AIC could not have been prejudiced by the grant of leave to file the supplemental

8

affidavit. They do not contend their motion for leave to file the supplemental affidavit was supported by good cause. See *Cimarron Hydrocarbons Corp.*, 98 S.W.3d at 687-88. Nor is there a contention that the circumstances described in Rule of Civil Procedure 166a(g) were present. We find the trial court did not abuse its discretion by denying appellants' motion for leave to file the supplemental affidavit, and overrule their eighth issue.

Because we agree with the trial court that appellants lacked standing to bring this suit, we conclude the trial court had no jurisdiction to consider it. Accordingly, we vacate the judgment of the trial court and dismiss the suit. TEX. R. APP. P. 43.2.

James T. Campbell
Justice